# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JAMES F. JOHNSON,**           ) | |
|                       ) | |
|          **Plaintiff,**      ) | |
|                       ) | |
|       **v.**              ) | **Civil Action No. 07-1168 (RBW)** |
|                       ) | |
| **UNITED STATES, et al.,**      ) | |
|                       ) | |
|         **Defendants.**    ) | |

## DEFENDANTS' MOTION TO DISMISS

Defendants, by and through undersigned counsel, hereby moves, pursuant to Fed. R. Civ.

P. 12(b)(1), (b)(2), (b)(3), (b)(5)and (b)(6), to dismiss this action.  This motion is accompanied

by Memorandum and Proposed Order consistent with LcvR 7(a) and (c).

*Pro se* Plaintiff will take note that if he fails to respond to this motion to dismiss, the

Court may grant this motion and dismiss his case because of his failure to respond.  *See Fox v.*

*Strickland*, 837 F.2d 507 (D.C. Cir. 1988).

November 19, 2007                     Respectfully submitted,

                              _____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

                              _____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

                              _____/s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
555 Fourth Street, N.W., Room E4210
Washington, D.C. 20530
(202) 514-7157
(202) 514-8780 (facsimile)

Of Counsel:

Delaine Martin Hill
Assistant General Counsel
Office of the General Counsel
Litigation Branch
Federal Bureau of Prisons

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JAMES F. JOHNSON,        )
        )
        Plaintiff,        )
        )
        v.        )        Civil Action No. 07-1168 (RBW)
        )
UNITED STATES, et al.,        )
        )
        Defendants.        )
_____)

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

## I    INTRODUCTION

Defendants, pursuant to Fed. R. Civ. P. 12(b)(2), (b)(3), (b)(5) and (b)(6), move to dismiss this action brought by Plaintiff, federal inmate, James F. Johnson (Register Number 07561-016). Although Plaintiff alleges that Defendants violated his First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment rights, the gravamen of his complaint is that Defendants did not credit him with 78 days of good time credit. Compl. at 2. Defendants respectfully submit that this Court should dismiss this action for the following reasons: First, the Court lacks personal jurisdiction over the individually named Defendants. Second, venue is improper in this action as Plaintiff was housed at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Ft. Dix"). Plaintiff has not provided sufficient justification for having the action proceed in this District. Third, Plaintiff has failed to state a claim upon which relief can be granted. Fourth, Plaintiff's misapplication of good time credit claim is precluded under the *Heck* rule and the doctrine of res judicata. Fifth, this specific matter sounds in Habeas and, therefore, venue is improper. Alternatively, although Plaintiff has already been granted in forma pauperis status, the Court should require Plaintiff to pay the filing fee in full as Plaintiff is in violation of 28 U.S.C. 1915(g).

## II   STATEMENT OF FACTS AND PRIOR PROCEEDINGS

Plaintiff is serving a sentence initially imposed by the District of Columbia, *see* Public Information Inmate Data for Plaintiff, and is due to be released from custody on October 15, 2007.[1]  *See Ex*. A, Public Information Inmate Data for Plaintiff.  On May 12, 2006, prior to commencing this action, Plaintiff filed a Petition for a Writ of Mandamus in the District Court for the District of New Jersey concerning the application of his educational good time credit.[2]  The Court recharacterized the petition as a Petition for a Writ of Habeas Corpus. *Johnson v. Samuels*, 2007 WL 1575076 *1 (D.N.J.).  On May 30, 2007, the District Court for the District of New Jersey denied Plaintiff's petition.  The court found that the BOP had applied the good time credit to Plaintiff's entire sentence and not his actual confinement before parole, which precluded its application to the current confinement after a parole violation.  *See Johnson*, 2007 WL 1575076 *1 (D. N.J.).  Plaintiff has also filed several actions that have been dismissed or are currently pending.[3]

---

[1]    In 1997, Congress passed the Revitalization Act (Pub. L.  No. 105-33, § 11231(a)(1), 111 Stat. 712, 745) which required the District of Columbia Department of Corrections to close its Lorton, Virginia facility by December 31, 2001.  The Revitalization Act also required that the BOP assume custody of all sentenced felons coming out of District of Columbia courts no later than December 31, 2001.  Although Plaintiff was in the custody of the BOP, a computer search suggests that Plaintiff was released on schedule on October 15, 2007.

[2]   D.C. Code § 24-429 authorizes the educational good time sentence credit which reduces the amount of time an inmate serves under a term of imprisonment.  *See* 28 C.F.R. §§ 523.30-34; Bureau of Prisons Program Statement 5884.02, Educational Good Time Sentence Credit for D.C. Code Offenders.

[3]   On February 26, 1999, Plaintiff commenced a habeas petition based on good time credits, which was denied with prejudice.  The Circuit Court affirmed.  *Ex*. B.  On July 13, 2000, Plaintiff commenced another habeas action that was denied and dismissed on appeal.  *Ex*. C.  Judge Kessler noted that Plaintiff's complaint could constitute habeas abuse.  *Id*.  On June 4, 2003, Plaintiff commenced another habeas petition that was denied and affirmed on appeal.  *Ex*. D.  On December 1, 2005, Plaintiff commenced another action against the District of Columbia

2

In this *Bivens* action, commenced on June 29, 2007, against the United States and Director Lappin only, Plaintiff claims that the Defendants failed to apply 78 days of District of Columbia educational good time credit to his sentence and, as a result, violated his constitutional rights.[4]  Compl. at 3-4.  Specifically, Plaintiff expressly referenced his New Jersey action again alleging that denial of the 78 days credit was deliberate and violated D.C. Code and BOP regulations.  Compl. at 3.  Plaintiff seeks relief in the amount of $15,000,000 from the "named defendants" including those named in his earlier complaint filed in New Jersey but not specifically named in this action.  Compl. at 4.

On August 27, 2007, Plaintiff filed a Motion to Amend Original Proceedings Pursuant to Federal Rule of Civil Procedure 15 to make allegations completely unrelated to the good time credit issue raised in his original complaint.  In this action, he adds that BOP Director, Harley Lappin, along with six prison staff members at the Fort Dix Federal Correctional Institution ("FCI Ft. Dix") and CSOSA Officers, Nicquita Robinson and Elizabeth Powell, conspired to further deprive him of his constitutional rights.  In particular, Plaintiff claims these Defendants prevented D.C. offenders, such as himself, from being placed in Community Corrections Centers ("halfway houses"). Pl. Am. Compl. at 2.  He also claims that by not placing him in a halfway

---

that was dismissed with prejudice.  *Ex*. E.  On May 12, 2006, Plaintiff commenced the action referenced above, which was denied.  *Ex*. F.  An appeal appears to be pending.  *Id*.  On February 7, 2007, Plaintiff commenced another complaint against several BOP employees alleging claims of which some were dismissed for failure to state a claim.  *Ex*. G.  On April 2, 2007, Plaintiff commenced a mandamus action that the court dismissed as "improper and unwarranted."  *Ex*. H.  On July 2, 2007, Plaintiff commenced yet another habeas petition that was ultimately dismissed with prejudice.  *Ex*. I.  These are only just a sample of actions brought by Plaintiff, including another that was filed on October 5, 2007.

[4]  In *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971) the Court allowed plaintiffs to seek monetary damages from individual federal agents for constitutional violations allegedly committed by these agents.

3

house, Defendants have deprived him of "urgently needed health procedures." Pl. Am. Compl. at

3.  Although he attempts to name several individuals, Plaintiff only makes specific allegations

against one, Lt. A. Joseph, regarding the allegation of denial of health care.  Pl. Am. Compl. at 7.

By this same motion, Plaintiff sought to add "Chairperson Brunson" of the United States Parole

Commission, alleging improprieties in the revocation of his parole.

### III.    STANDARD OF REVIEW

In resolving a motion to dismiss, pursuant to Rule 12(b)(6), the court must construe the

factual allegations in the complaint in the light most favorable to plaintiff, but need not accept

the legal conclusions or allegations without factual support in the allegations made.  *Bell Atl.*

*Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).  The Court is limited to considering facts

alleged in the complaint, any documents attached to or incorporated in the complaint, matter of

which the court may take judicial notice, and matters of public record.  *EEOC v. St. Francis*

*Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).[5]  Here, Plaintiff has pled no facts in

support of this action that would entitle him to relief.

---

[5]    Generally speaking, the Court should not consider matters beyond the pleadings
without converting the motion for summary judgment.  *See* Fed. R. Civ. P. 12(b)(6).
Nonetheless, there are important exceptions to this general principle.  The Court may properly
take judicial notice of court records without converting a motion to dismiss into a motion for
summary judgment.  *Baker v. Henderson*, 150 F. Supp. 2d 17, 19 n.1 (D.D.C. 2001)("in
determining whether a complaint fails to state a claim, the court may. . . take judicial notice of
matters of a general public nature, such as court records, without converting the motion to
dismiss into one for summary judgment."); *Himmelman v. MCI Communications*,104 F. Supp. 2d
1, 3 (D.D.C. 2000)("The court may consider [on a motion to dismiss] the allegations of the
complaint, documents attached to or specifically referred to in the complaint, and matters of
public record.")

4

## IV.   ARGUMENT

### A.    Sovereign Immunity Bars Any Claims Against the United States

To the extent that plaintiff seeks damages for alleged constitutional violations against the United States, these claims must be dismissed absent a waiver of sovereign immunity. *Meyer v. Reno*, 911 F. Supp. 11 (D.D.C. 1996); *Marshall v. Reno*, 915 F. Supp. 426 (D.D.C. 1996); *Deutsch v. U.S. Dept. of Justice*, 881 F. Supp. 49, 55 (D.D.C. 1995). The inherent sovereign immunity of the United States protects it and its agencies from suit absent express waiver. See *United States v. Nordic Village*, 503 U.S. 30 (1992). The Supreme Court has expressly held that the United States is not liable for *Bivens* claims. *FDIC v. Meyer*, 510 U.S. 471 (1994); compare *Clark v. Library of Congress*, 750 F.2d 89, 101-02 (D.C. Cir. 1984).

Therefore, to the extent plaintiff asserts claims for money damages against either the individual defendants in their official capacities and the BOP as an agency, such claims must be dismissed for lack of subject matter jurisdiction.

### B.    Plaintiff's Good Time Credit Claim is Barred by the Heck Rule

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a prisoner may not bring a civil rights action for money damages alleging unconstitutional conviction or imprisonment unless the conviction had first been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* at 486-87. In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court applied *Heck* to a prisoner's civil rights suit attacking an internal prison disciplinary sanction that affected the overall length of confinement, where good time had been taken from the inmate, holding that a claim for damages, based on procedural defects in the prison disciplinary hearing, necessarily implied the invalidity of the punishment imposed and was therefore not cognizable under § 1983. *Id.* at 647. In *Williams v.*

5

*Hill*, this Court extended the holding of these cases to *Bivens* actions brought against federal officials.  74 F.3d 1339, 1340 (D.C. Cir.1996).

Here, Plaintiff is alleging that the denial of the application of good time credit to his incarceration after his parole violation violates his constitutional rights.  Under *Heck* and *Balisok*, because Plaintiff's allegation that the denial of good time credit lengthened his incarceration, he would have to successfully challenge the legality of his confinement directly before he can bring a *Bivens* action.  In other words, Plaintiff sought the application of his good time credit to his confinement after his parole violation in order to shorten same.  Plaintiff would have to prevail in a challenge to the denial of the application of his good time credit, which could have shortened his confinement, in order to bring an action for money damages here.  Notably, the District Court in New Jersey found that, it was not that Plaintiff was denied good time credit, but that the credits were applied to his overall conviction and could not be reapplied a second time to his reincarceration after a parole violation.  *Johnson v. Samuels*, *supra*.  Therefore, since Plaintiff cannot invalidate the application of good time credit to his confinement because he already received that benefit, it is impossible for Plaintiff to prove that the denial was improper, which is a required prerequisite to this action.

### C.    Plaintiff's Complaint is Barred Under Res Judicata

Plaintiff's Claims are also barred by collateral estoppel and res judicata principles. Insofar as plaintiff is seeking to relitigate the propriety of issues that have already been decided against him, his action is barred by the related doctrines of res judicata and collateral estoppel. Based on these doctrines, a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been finally decided; and once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue

6

in a suit on a different cause of action involving a party to the first action. *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *United States v. Mendoza*, 104 S. Ct. 568, 571 (1984); *Montana v. United States*, 440 U.S. 147, 153 (1979); *American Emp. Ins. Co. v. American Security Bank*, 747 F.2d 1493, 1498 (D.C. Cir. 1984); *I.A.M. Nat. Pension Fund v. Ind. Gear Mfg. Co.*, 723 F.2d 944, 947 (D.C. Cir. 1983); *Jack Faucett Assoc., Inc. v. AT&T*, 566 F. Supp. 296, 299 (D.D.C. 1983); *Cutler v. Hayes*, 549 F. Supp. 1341, 1343 (D.D.C. 1983).

Application of the doctrine of collateral estoppel "represents a decision that the needs of judicial finality and efficiency outweigh the possible gains of fairness or accuracy from continued litigation of an issue that previously has been considered by a competent tribunal." *Nasem v. Brown*, 595 F.2d 801, 806 (D.C. Cir. 1979). Application of the doctrine thereby serves to relieve parties of the burdens attending multiple lawsuits; conserves judicial resources; minimizes the risk of forum-shopping, piecemeal litigation, and inconsistent decisions; and provides finality in the resolution of disputes. *United States v. Mendoza*, 104 S. Ct. at 571; *Cutler v. Hayes*, 549 F. Supp. at 1343; *see Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981). Many of plaintiff's allegations especially the one pertaining to good time credit was already heard and decided against him in the District of New Jersey. Therefore he may not use this forum to relitigate those issues.

This *Bivens* claim is barred by the preclusive effects of the doctrines of res judicata and collateral estoppel. Plaintiff's denial of good time credit claim has been fully litigated before the New Jersey court and decided on the merits. *Allen v. McCurry*, 449 U.S. 90 (1980). That is, in treating Plaintiff's loss of good time credit claims as a habeas petition and then denying same, the New Jersey court found that Plaintiff was in fact not denied the credit. Therefore, Plaintiff cannot now bring a *Bivens* action based on facts as he wishes they were rather than as they are.

7

Along the same lines, this *Bivens* action should be dismissed under 28 U.S.C. 1915(g) because of Plaintiff's abuse of the judicial process. Absent imminent danger of serious physical harm, an inmate ***may not*** proceed *in forma pauperis* if that inmate has filed at least three prior cases while incarcerated that were dismissed as frivolous, malicious or for failure to state a claim (commonly referred to as the "three strikes" provision). *See* 28 U.S.C. § 1915(g); *Ibrahim v. District of Columbia*, 208 F.3d 1032, 1033 (D.C. Cir. 2000); *Smith v. District of Columbia*, 182 F.3d 25, 29 (D.C. Cir. 1999); *Chandler*, 145 F.3d 1355, 1357 (D.C. Cir. 1998). If an inmate is denied *in forma pauperis* status and fails to pay the full filing fee, the case should be dismissed. *See Smith*, 182 F.3d at 30. As set forth in footnote 3 above, Plaintiff has filed several actions that have been dismissed including one for failure to state a claim that he subsequently appealed only for those actions to be summarily dismissed. The number of actions Plaintiff has commenced certainly suggests habeas and other litigation abuses that constitute and unwarranted drain on already scarce judicial resources.

### D.    The Court Has No Personal Jurisdiction As Required By Rule 12 (b)(2)

Other that Defendant Lappin and the CSOSA Defendant, Plaintiff has not pled sufficient facts to establish personal jurisdiction over the remaining Defendants. Therefore, there is no *in personam* jurisdiction. Plaintiff has failed and cannot meet his burden to establish such necessary facts.

#### 1.    Plaintiff's burden

It is the Plaintiff who bears the burden of pleading the facts necessary to substantiate *in personam* jurisdiction in this Court. *Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236, 240 (2d Cir. 1999). As explained by this Court in *Edmond v. U.S. Postal Service*, 727 F. Supp. 7, 10 (D. D.C. 1989), *aff'd in part and rev'd in part on other grounds*, 949 F.2d 415 (D. C. Cir. 1991):

8

> A plaintiff in district court must plead essential jurisdictional facts and must carry throughout the litigation the burden of showing that he is properly in court. "If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof. And where they are not so challenged the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence." *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

## 2. D.C. Code §13-423, the "Long Arm" statute

*In personam* jurisdiction may be maintained by the United States District Court for the District of Columbia only if permitted by the "long arm" laws of the District of Columbia. *Crane v. Carr*, 814 F.2d 758, 762 (D.C. Cir. 1987). The District of Columbia exercises personal jurisdiction based upon the D.C. Code's "long arm" statute at D.C. Code §13-423 (2000), which states in relevant part:

> (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's -
>
> (1) transacting any business in the District of Columbia;
> (2) contracting to supply services in the District of Columbia;
> (3) causing tortuous injury in the District of Columbia by an act or omission in the District of Columbia;
> (4) causing tortuous injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;
> (5) having an interest in, using, or possessing real property in the District of Columbia;
> (6) contracting to insure or act as surety . . . ; or
> (7) marital or parent and child relationship. . . .

(b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

In the instant case, Plaintiff's pleading does not establish proper *in personam* jurisdiction in this District under § 13-423.  *Crane* at 762.  For example, Lt. Joseph does not reside in this jurisdiction, Compl. p. 3-4, and Plaintiff has failed to allege facts to establish a basis for long arm jurisdiction.  Moreover, the Plaintiff does not allege that these Defendants transacted any business or contracted to supply services in the District of Columbia, nor have they caused any tortious injury in the District of Columbia.  Moreover, *in personam* jurisdiction cannot be predicated on the provisions of the sections (a)(3) and (4) of the "long arm" statute because the Plaintiff does not and cannot claim that the federal employees at the federal prison where he was housed outside the District caused him tortious injury within the District of Columbia.  The injuries about which plaintiff complains occurred in New Jersey and he alleges no facts to establish that he suffered any injury in the District of Columbia.  *Farmer v. Moritsugu*, 163 F.3d 610 (D.C. Cir. 1998) (local medical staff treating in BOP institutions outside D.C. not subject to personal jurisdiction); *Meyer v. Federal Bureau of Prisons*, 940 F. Supp. 9 (D. D.C. 1996) (No personal jurisdiction over Bureau of Prisons case manager working in Rochester, Minnesota, sued in D.C. in individual capacity by inmate based upon claimed inaccuracy of prison records).  There is no *act* or *injury* alleged to have been accomplished within the District of Columbia by these defendants.  Any injury to Plaintiff necessarily took place outside the District of Columbia, since he was never housed here and all allegations in this action pertain to his incarceration in New Jersey.  Therefore, this Court lacks personal jurisdiction over the above named Defendants for activities taking place outside the District of Columbia.

### 3. *In personam* jurisdiction requires "minimum contacts"

In order for this District to have personal jurisdiction over a nonresident defendant,

jurisdiction must be proper under both the District of Columbia long-arm statute and consistent

with the demands of due process. *United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995);

*Crane v. Carr*, 814 F.2d 758, 762 (D.C. Cir. 1987). "Since the District of Columbia's long-arm

statute has been held to extend as far as the Due Process Clause allows, *Mouzavires v. Baxter*,

434 A.2d 988 (D.C. 1981) (*en banc*), *cert. denied*, 455 U.S. 1006 (1982), personal jurisdiction

exists when the defendant has purposely established minimum contacts with the forum state and

when the exercise of jurisdiction comports with 'traditional notions of fair play and substantial

justice.' *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102 (1987)." *Wiggins v.*

*Equifax Inc.*, 853 F. Supp. 500 (D. D.C. 1994). "Plaintiff's claim for relief must arise from the

defendants' contacts with the District of Columbia and his 'claims must bear some relation to the

acts in the District that are relied upon to confer personal jurisdiction.' [D.C. Code] § 13-423(b).

*Bayles v. K-Mart Corp.*, 636 F. Supp. 852, 854 (D.D.C. 1986)." *Id.* at 502.

The burden is again on Plaintiff to establish that this Court can exercise personal

jurisdiction over Defendants consistent with the Due Process Clause. *Blumenthal v. Drudge*, 992

F. Supp. 44, 53 (D. D.C. 1998). Plaintiff in this case has wholly failed to allege such facts, and

the allegations against all the FCI Fort Dix Defendants do not establish "minimum contacts"

necessary to confer personal jurisdiction upon the District Court for the District of Columbia.[6]

The mere fact that Defendants are employees of the BOP and the Central Office of that agency

---

[6]    Although Director Lappin can be found in this District, Plaintiff makes no specific
allegations against him and individual liability cannot be premised on a theory of respondeat
superior. *Marshall v. Reno*, 915 F.Supp. 426, 430 (D.D.C. 1996).

happens to be in Washington, D.C., is insufficient to establish the requisite "minimum contacts" with the District of Columbia. *Cameron v. Thornburgh*, 983 F.2d 235, 256 (D.C. Cir. 1993); *see James v. Reno*, et al., No. 99-5081, 1999 WL 615084 (D.C. Cir. Jul. 2, 1999) (Inmate's security classification and transfer request made in Texas; both federal prisons at issue located in Texas; no injury suffered in the District of Columbia; mere fact that defendants are employees of the Bureau of Prisons based in D.C. insufficient to establish requisite "minimum contacts" with District); *Meyer v. Reno*, 911 F. Supp. 11, 14 (D.D.C. 1996) (Bureau of Prisons employee who works at FCI Memphis, Tennessee and three Florida State Attorneys not alleged to conduct any business or make any contracts for services and no injury alleged to have been suffered in the District of Columbia, so court cannot exercise jurisdiction over them).

The presence in the District of Columbia of the defendants must be "continuous and systematic" and relative to the claim to meet the "minimum contacts" requirement. *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). In this case the nonresident defendants lack the requisite minimum contacts with the District of Columbia because the operative facts of any claim herein arose in New Jersey. Therefore, defendants' motions to dismiss under Rule 12(b)(2) should be granted, and they should be dismissed from this suit.

**E.    Venue is Improper in This Matter**

The proper venue provision is found in 28 U.S.C. § 1391 (b), which states that venue is proper in one of these three forums: (1) where a defendant in the action resides; (2) where a substantial part of the events or omissions giving rise to the claim occurred; or a substantial part of property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

12

Moreover, Title 28 U.S.C. §1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought.

The D.C. Circuit in *Starnes v. McGuire*, 512 F.2d 918, 926 (D.C. Cir. 1974) (*en banc*) set out a number of factors for a district court to use in deciding whether to transfer a civil case brought by a prisoner incarcerated outside the District of Columbia. Those factors are: (1) the prisoner's difficulty of communication with counsel; (2) the difficulty of transferring the prisoner; (3) the availability of witnesses and files; (4) the speed of final resolution; and (5) whether the case involves issues of national policy that require the testimony of high-level administrators located in Washington, D.C. *Id.* at 929-33.

Even if Plaintiff had alleged facts giving rise to an articulable, concrete injury arising from the wrongs he alleges, this action would most appropriately be brought in New Jersey as he was housed at FCI Fort Dix and the alleged events occurred in New Jersey. Even the claims against the CSOSA Defendants appear to have occurred toward the end of Plaintiff's incarceration and are therefore incidental to primary jurisdiction in New Jersey. These claims are individualized and are of no national import with all issues being specific to FCI Fort Dix. These factors strongly support the appropriateness of transfer. To the extent that this case is able to survive the Government's dispositive motion and the standing deficiencies, it would be most appropriately litigated in the District Court for the District of New Jersey - which it already has been. *See Johnson*, 2007 WL 1575076 *1 (D. N.J.).

**F.    Defendant Lappin Should Be Dismissed from the Suit Because He Had No Personal Involvement in the Matters Alleged in the Complaint**

The claims against Defendant Lappin should also be dismissed because he is not

personally liable for the constitutional torts of employees he supervises. *See Monell v. Dept. of Social Servs.*, 436 U.S. 658, 691 (1978); *Cameron v. Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1993); *Meyer v. Reno*, 911 F. Supp. 11, 15 (D.D.C. 1996). Courts have consistently rejected *respondeat superior* as a basis for the imposition of *Bivens* liability and required plaintiffs to allege the personal involvement of each defendant in the events that gave rise to the plaintiff's claims. *See, e.g., Cameron*, 983 F.2d at 258 (dismissing the Attorney General and the BOP Director from suit because the complaint failed to allege their personal involvement and was based solely on the bare assumption that policy decisions in the District of Columbia influenced the prisoner's treatment in a federal prison in Indiana); *Arnold v. Moore*, 980 F. Supp. 28, 35-36 (D.D.C. 1997) (dismissing the Director of DC Department of Corrections and the Warden of DC Detention Facility as defendants to the extent they were sued on the basis of *respondeat superior*); *Meyer*, 911 F. Supp. at 15 (dismissing Attorney General and the BOP Director from suit absent any allegations that they personally participated in the events that gave rise to the plaintiff's claims, or any corroborative allegations to support the inference that these defendants had notice of or acquiesced in the improper securing of detainers against the plaintiff by their subordinates). "High-level public officials are not employers of their subordinates, but rather are fellow governmental servants, and thus cannot be held liable on the basis of *respondeat superior*." *Arnold*, 980 F. Supp. at 35-36.

Plaintiff makes no allegations to support a claim against Director Lappin in his individual capacity. He makes no allegations that Director Lappin participated in any decision or approved of any policy related to the case. Rather, just as in the *Cameron* case, Plaintiff seems to be basing his claim against the Director in his individual capacity on an assumption that decisions made in the Central Office and Regional Office might have somehow affected his treatment in

New Jersey. This is insufficient to establish Defendant Lappin's personal involvement in the alleged violation of Plaintiff's constitutional rights. Therefore, any potential *Bivens* claims against Defendant Lappin, whose only relationship to the instant litigation is his ultimate supervisory status, should be dismissed for failure to state a claim.

### G.    Defendants are Entitled to Qualified Immunity

Defendants are entitled to qualified immunity because, taking Plaintiff's allegations as true, they do not state a constitutional violation and, even if they did, their actions did not violate any clearly established statutory constitutional rights of which a reasonable person should have been aware . *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Id.* The D.C. Circuit, in *Farmer v. Moritsugu*, 163 F.3d 610, 613 (D.C. Cir. 1998), explained:

> In short, "[a]n official is ... entitled to summary judgment [on qualified immunity grounds] unless '[t]he contours of the right [were] sufficiently clear that a reasonable official would [have] underst[ood] that what he [was] doing violate [d] that right.' " *Harris v. District of Columbia*, 932 F.2d 10, 13 (D.C. Cir. 1991) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987), *aff'd* 922 F.2d 443 (8th Cir. 1990)).

By "provid[ing] government officials with the ability reasonably to anticipate when their conduct may give rise to liability for damages," *Anderson*, 483 U.S. at 646, the doctrine of qualified immunity strikes a balance between compensating those injured by official conduct and protecting the Government's basic ability to function. *See Harlow*, 457 U.S. at 813-14. In other words, qualified immunity is designed to mitigate the social costs of exposing government

officials to personal liability--costs such as "distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service." *Id.* at 816; *see also Harris v. District of Columbia*, 932 F.2d 10, 13 (D.C. Cir. 1991). To this end, qualified immunity provides not simply a defense to liability, but also "an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal question whether the conduct of which the plaintiff complains violated clearly established law." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

With regard to his good time credit claims, it is clear that there is no constitutional violation because Plaintiff's factual allegations are inaccurate. There is no constitutional violation because Plaintiff actually received the benefit of the good time credit prior to being released on parole. Plaintiff's claims of entitlement to confinement to a halfway house in order to receive "urgently needed health procedures" are not supported by the facts alleged. Plaintiff fails to allege a constitutional violation here because he has not alleged facts establishing that he had a serious medical need and that the prison officials demonstrated a deliberate indifference toward that need. *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). The deliberate indifference element requires that Plaintiff allege facts showing more than mere negligence. *Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994). Plaintiff's allegations against Defendants and especially Lt. Joseph do not meet this standard. In fact, Plaintiff admits, although he did not receive immediate treatment, he talked to a medical officer and received medical treatment subsequently. Pl. Am. Compl. at 7. Plaintiff's allegation of denial of treatment here for a few days does not rise to the level of deliberate indifference.

Plaintiff's claims against the CSOSA Defendants suffers a similar fate. As discussed here, *infra*, federal prisoners do not have a protected liberty interest in halfway house placement,

16

and that BOP has complete and absolute discretion in determining halfway house placement.
*See, e.g., Pugliese v. Nelson*, 617 F.2d 916, 923–25 (2d Cir. 1980).  Even assuming arguendo the
complaint could be interpreted to sufficiently state each named Defendant committed
unconstitutional acts, as discussed above, plaintiff failed to articulate how his constitutional
rights were clearly established.  *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).  Accordingly,
even under the facts as alleged in the complaint, each of the named Defendants is entitled to
qualified immunity, and should be dismissed from this lawsuit.

### H.    Plaintiff's Discrimination Claim Falls Short for Lack of Specificity

In his amended complaint, Plaintiff claims that BOP staff conspired to defraud him and
other D.C. offenders their rightful placement in a halfway house.  Any claim of a "right" to
halfway house placement fails on its face.  It is well established that federal prisoners do not have
a protected liberty interest in halfway house placement, and that BOP has complete and absolute
discretion in determining halfway house placement.  *See, e.g., Pugliese v. Nelson*, 617 F.2d 916,
923–25 (2d Cir. 1980); *United States v. Laughlin*, 933 F.2d 786 (9th Cir. 1991); *United States v.
Jalili*, 925 F.2d 889 (6th Cir. 1991).  Courts have long recognized that the authority to
incarcerate, classify and transfer federal prisoners falls within the broad discretion of the BOP,
and indeed a Court lacks the authority to order that a prisoner be confined in any particular
institution. "[T]hose decisions are within the sole discretion of the Bureau of Prisons." *United
States v. Williams*, 65 F.3d 301, 307 (2d Cir. 1995); *see also United States v. Restropo*, 999 F.2d
640, 645 (2d Cir. 1993) ("The Bureau is given a great deal of flexibility with the respect to the
assignment of any prisoner to a correctional facility."); *Leibowitz v. United States*, 729 F. Supp.
556, 561 (E.D. Mich 1989) ("The Bureau of Prisons enjoys almost absolute discretion over
assignment, transfer, and conditions of confinement."), *aff'd*, 914 F.2d 256 (6th Cir. 1990).

Moreover, in claims such as Plaintiff's, the pleadings should be "simple, concise, and direct." F.R.C.P. 8(e)(1). His claims are not specific and, as such, merit dismissal.

Although the Plaintiff has alleged the responsibility of BOP staff, he has not presented any facts which would show their involvement in any way. Pleadings must be specific and must contain *facts*, not mere assertions, showing that a defendant's own acts have resulted in a violation in order to state a cognizable constitutional claim. Facts, not conclusions, are required to state a claim. *See Twombly, supra, 127 S. Ct. at 1965; Martin v. Aubuchon*, 623 F.2d 1283 (8th Cir. 1980); *Kaylor v. Fields*, 661 F.2d 1177 (8th Cir. 1981); *Martin v. Sargent*, 780 F.2d 1334 (8th Cir. 1985); *Ostrer v. Aronwald*, 567 F.2d 553 (2nd Cir. 1977); *Dickenson v. French*, 416 F.Supp. 429 (D.C. Ala. 1976); *Dailey v. Barrow*, 280 F.Supp. 187 (W.D. Mich. 1968). *See also*, *Myers v. Morris*, 810 F.2d 1437 (8th Cir. 1987) at 1465; and, *Irvin v. Ciccone*, 557 F.2d 1260 (8th Cir. 1977); *Johnson v. Stark*, 717 F.2d 1550 (8th Cir. 1983); *Willis v. Ciccone*, 506 F.2d 1011 (8th Cir. 1974); and *Procunier v. Atchley*, 27 L.Ed.2d 524 (1971). As such, all claims against BOP defendants should be dismissed.

## I. Insufficient Service on Individual Defendants

A court may dismiss a complaint without prejudice for ineffective service of process. See Fed. R. Civ.P. 12(b)(5); *Simpkins v. District of Columbia*, 108 F.3d 366, 369 (D.C.Cir.1997). "'[T]he party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law.' " *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir.1987).

The record does not reflect that Plaintiff has served any of the individually named Defendants as required by Rule 4 of the Federal Rules of Civil Procedure. Under Rule

18

4(i)(1)(B), service on an employee of the government is effected only when the United States is served in the manner prescribed by Rule 4(i)(1) and by serving the employee in the manner prescribed by Rule 4(e), (f) or (g).  The record does not reflect that Plaintiff has attempted to procure service on any of the individual Defendants as required.  According to Rule 4(m), a court shall dismiss a complaint without prejudice if service is not made upon a defendant within 120 days after the filing of the complaint.

**V   <u>CONCLUSION</u>**

For the foregoing reasons, Defendants respectfully request that this Court dismiss Plaintiff's action because Plaintiff fails to meet the stringent standards for obtaining such relief.

November 19, 2007                              Respectfully submitted,

                              _____/s/_____
                              JEFFREY A. TAYLOR, D.C. BAR # 498610
                              United States Attorney


                              _____/s/_____
                              RUDOLPH CONTRERAS, D.C. BAR # 434122
                              Assistant United States Attorney


                              _____/s/_____
                              KENNETH ADEBONOJO
                              Assistant United States Attorney
                              555 Fourth Street, N.W., Room E4815
                              Washington, D.C. 20530
                              (202) 514-7431
                              (202) 514-8780 (facsimile)



Of Counsel:

Delaine Martin Hill
Assistant General Counsel
Office of the General Counsel
Litigation Branch
Federal Bureau of Prisons

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JAMES F. JOHNSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 07-1168 (RBW)** |
| ) | |
| **UNITED STATES, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## ORDER

UPON CONSIDERATION of the Defendants' Motion to Dismiss Plaintiff's complaint,

support thereof, the grounds stated therefor and the entire record in this matter, it is by the Court

this

_____ day of _____, 2007, hereby

ORDERED that the said motion be and hereby is granted; and it is

FURTHER ORDERED that Plaintiff's complaint is dismissed with prejudice.


_____
UNITED STATES DISTRICT JUDGE

20

Copies to:

Kenneth Adebonojo
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C.  20530

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 19th day of November, 2007, I caused the foregoing Motion

to Dismiss to be served on *pro se* Plaintiff, postage prepaid, addressed as follows:


_____
KENNETH ADEBONOJO
Assistant United States Attorney
555 4th Street, N.W., Room E4210
Washington, D.C. 20530
(202) 514-7157
(202) 514-8780 (facsimile)

```
   BOPG8              *        PUBLIC INFORMATION        *      09-13-2007
 PAGE 001             *           INMATE DATA            *      14:09:08
                                AS OF 09-13-2007


 REGNO..: 07561-016 NAME: JOHNSON, JAMES F

                    RESP OF: FTD / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 609-723-1100      FAX: 609-723-6847
                                               RACE/SEX...: BLACK / MALE
 FBI NUMBER.: 981257C                          DOB/AGE....: 03-13-1946 / 61
 PROJ REL MT: PAROLE FROM PAR COM OR CT        PAR ELIG DT: COMMISSION
 PROJ REL DT: 10-15-2007                       PAR HEAR DT: 03-2006
 -------------------------------- ADMIT/RELEASE HISTORY -----------------------------
 FCL     ASSIGNMENT DESCRIPTION              START DATE/TIME STOP  DATE/TIME
 FTD     A-DES      DESIGNATED, AT ASSIGNED FACIL  07-24-2007 1446 CURRENT
 FTD     LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN  07-24-2007 1148 07-24-2007 1446
 FTD     A-DES      DESIGNATED, AT ASSIGNED FACIL  07-17-2007 1428 07-24-2007 1148
 FTD     LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN  07-17-2007 1059 07-17-2007 1428
 FTD     A-DES      DESIGNATED, AT ASSIGNED FACIL  07-03-2007 1315 07-17-2007 1059
 FTD     LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN  07-03-2007 1055 07-03-2007 1315
 FTD     A-DES      DESIGNATED, AT ASSIGNED FACIL  06-26-2007 1605 07-03-2007 1055
 FTD     LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN  06-26-2007 1204 06-26-2007 1605
 FTD     A-DES      DESIGNATED, AT ASSIGNED FACIL  06-12-2007 1423 06-26-2007 1204
 FTD     LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN  06-12-2007 1059 06-12-2007 1423
 FTD     A-DES      DESIGNATED, AT ASSIGNED FACIL  01-10-2007 1709 06-12-2007 1059
 FTD     LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN  01-10-2007 1407 01-10-2007 1709
 FTD     A-DES      DESIGNATED, AT ASSIGNED FACIL  10-31-2006 0947 01-10-2007 1407
 FTD     LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN  10-31-2006 0714 10-31-2006 0947
 FTD     A-DES      DESIGNATED, AT ASSIGNED FACIL  02-28-2006 1230 10-31-2006 0714
 B15     RELEASE    RELEASED FROM IN-TRANSIT FACL   02-28-2006 1230 02-28-2006 1230
 B15     A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL  02-28-2006 1150 02-28-2006 1230
 PHL     HLD REMOVE HOLDOVER REMOVED               02-28-2006 1150 02-28-2006 1150
 PHL     A-HLD      HOLDOVER, TEMPORARILY HOUSED    02-23-2006 1355 02-28-2006 1150
 9-L     RELEASE    RELEASED FROM IN-TRANSIT FACL   02-23-2006 1355 02-23-2006 1355
 9-L     A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL  02-01-2006 1605 02-23-2006 1355
 DSC     ADMIN REL  ADMINISTRATIVE RELEASE          02-01-2006 1505 02-01-2006 1505
 DSC     A-ADMIN    ADMINISTRATIVE ADMISSION        02-01-2006 0931 02-01-2006 1505
 EST     PAROLE     PAROLE FROM PAR COM OR CT       10-10-2003 1458 02-01-2006 0931
 EST     A-DES      DESIGNATED, AT ASSIGNED FACIL   09-17-2003 0915 10-10-2003 1458
 B03     RELEASE    RELEASED FROM IN-TRANSIT FACL   09-17-2003 0915 09-17-2003 0915
 B03     A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL  09-17-2003 0456 09-17-2003 0915
 ATL     HLD REMOVE HOLDOVER REMOVED                09-17-2003 0456 09-17-2003 0456
 ATL     A-HLD      HOLDOVER, TEMPORARILY HOUSED    09-08-2003 1952 09-17-2003 0456
 0-D     RELEASE    RELEASED FROM IN-TRANSIT FACL   09-08-2003 1952 09-08-2003 1952
 0-D     A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL  09-08-2003 1950 09-08-2003 1952
 CDC     TRANSFER   TRANSFER                        09-08-2003 1950 09-08-2003 1950
 CDC     A-BOP HLD  HOLDOVER FOR INST TO INST TRF   05-20-2003 1410 09-08-2003 1950
 0-X     RELEASE    RELEASED FROM IN-TRANSIT FACL   05-20-2003 1410 05-20-2003 1410
 0-X     A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL  05-20-2003 1120 05-20-2003 1410
 CDC     TRANSFER   TRANSFER                        05-20-2003 1120 05-20-2003 1120



 G0002      MORE PAGES TO FOLLOW . . .
```

```
BOPG8              *        PUBLIC INFORMATION      *      09-13-2007
PAGE 002           *           INMATE DATA          *      14:09:08
                                AS OF 09-13-2007

REGNO..: 07561-016 NAME: JOHNSON, JAMES F

                    RESP OF: FTD / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 609-723-1100    FAX: 609-723-6847
CDC    A-DES       DESIGNATED, AT ASSIGNED FACIL  03-17-2003 2245  05-20-2003 1120
6-E    RELEASE     RELEASED FROM IN-TRANSIT FACL  03-17-2003 2245  03-17-2003 2245
6-E    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 03-17-2003 1000  03-17-2003 2245
EST    FURL TRANS  FURL W/UNESCORTED TRF TO A CCC 03-17-2003 1000  03-17-2003 1000
EST    A-DES       DESIGNATED, AT ASSIGNED FACIL  10-24-2001 1028  03-17-2003 1000
B03    RELEASE     RELEASED FROM IN-TRANSIT FACL  10-24-2001 1028  10-24-2001 1028
B03    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 10-24-2001 0614  10-24-2001 1028
ATL    HLD REMOVE  HOLDOVER REMOVED               10-24-2001 0614  10-24-2001 0614
ATL    A-BOP HLD   HOLDOVER FOR INST TO INST TRF  10-03-2001 1424  10-24-2001 0614
B14    RELEASE     RELEASED FROM IN-TRANSIT FACL  10-03-2001 1424  10-03-2001 1424
B14    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 10-03-2001 0430  10-03-2001 1424
TAL    HLD REMOVE  HOLDOVER REMOVED               10-03-2001 0430  10-03-2001 0430
TAL    A-BOP HLD   HOLDOVER FOR INST TO INST TRF  09-28-2001 1116  10-03-2001 0430
B16    RELEASE     RELEASED FROM IN-TRANSIT FACL  09-28-2001 1116  09-28-2001 1116
B16    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 09-28-2001 0955  09-28-2001 1116
JES    TRANSFER    TRANSFER                       09-28-2001 0955  09-28-2001 0955
JES    A-DES       DESIGNATED, AT ASSIGNED FACIL  06-07-2001 1109  09-28-2001 0955
S25    RELEASE     RELEASED FROM IN-TRANSIT FACL  06-07-2001 1109  06-07-2001 1109
S25    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 06-07-2001 0815  06-07-2001 1109
EST    TRANSFER    TRANSFER                       06-07-2001 0815  06-07-2001 0815
EST    A-DES       DESIGNATED, AT ASSIGNED FACIL  12-05-2000 2000  06-07-2001 0815
0-G    RELEASE     RELEASED FROM IN-TRANSIT FACL  12-05-2000 2000  12-05-2000 2000
0-G    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 10-06-2000 0803  12-05-2000 2000
BOP    ADMIN REL   ADMINISTRATIVE RELEASE         10-06-2000 0803  10-06-2000 0803
BOP    A-ADMIN     ADMINISTRATIVE ADMISSION       10-06-2000 0758  10-06-2000 0803
BOP    DCOB REL    REL FROM D.C. OFFENDER BRANCH  10-06-2000 0757  10-06-2000 0758
BOP    A-DCOB      ADMIT TO D.C. OFFENDER BRANCH  09-25-2000 1004  10-06-2000 0757
0-G    RELEASE     RELEASED FROM IN-TRANSIT FACL  09-25-2000 1004  09-25-2000 1004
0-G    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 09-19-2000 0631  09-25-2000 1004
BOP    ADMIN REL   ADMINISTRATIVE RELEASE         09-19-2000 0631  09-19-2000 0631
BOP    A-ADMIN     ADMINISTRATIVE ADMISSION       09-19-2000 0628  09-19-2000 0631
BOP    DCOB REL    REL FROM D.C. OFFENDER BRANCH  09-19-2000 0627  09-19-2000 0628
BOP    A-DCOB      ADMIT TO D.C. OFFENDER BRANCH  06-22-2000 1320  09-19-2000 0627
ALM    PAROLE      PAROLE FROM PAR COM OR CT      12-20-1996 0630  06-22-2000 1320
ALM    A-DES       DESIGNATED, AT ASSIGNED FACIL  08-27-1996 2012  12-20-1996 0630
6-K    RELEASE     RELEASED FROM IN-TRANSIT FACL  08-27-1996 2012  08-27-1996 2012
6-K    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 08-27-1996 1020  08-27-1996 2012
OKL    HLD REMOVE  HOLDOVER REMOVED               08-27-1996 0920  08-27-1996 0920




G0002        MORE PAGES TO FOLLOW . . .
```

```
  BOPG8          *        PUBLIC INFORMATION      *    09-13-2007
PAGE 003         *          INMATE DATA           *    14:09:08
                          AS OF 09-13-2007
```

REGNO..: 07561-016 NAME: JOHNSON, JAMES F

```
                 RESP OF: FTD / DESIGNATED, AT ASSIGNED FACIL
                 PHONE..: 609-723-1100      FAX: 609-723-6847
PRE-RELEASE PREPARATION DATE: 07-29-2007
```

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  10-15-2007 VIA PAROLE

---------------------CURRENT JUDGMENT/WARRANT NO: 080 -----------------------

```
COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F-8170-94C,D
JUDGE...........................: DUNCAN-PETERS
DATE SENTENCED/PROBATION IMPOSED: 03-31-1995
DATE WARRANT ISSUED.............: 08-03-2005
DATE WARRANT EXECUTED...........: 08-17-2005
DATE COMMITTED..................: 08-17-2005
HOW COMMITTED...................: RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:
```

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00

----------------------CURRENT OBLIGATION NO: 010 ---------------------------
OFFENSE CODE....:  606
OFF/CHG: 22-3204(A) CARRYING A PISTOL WITHOUT A LICENSE
         6-2311(A) POSSESSION OF AN UNREGISTERED FIREARM

```
 SENTENCE PROCEDURE.............: DC OMNIBUS ADULT SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:    11 YEARS
 NEW SENTENCE IMPOSED...........: 1352 DAYS
 BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
 DATE OF OFFENSE................: 08-22-1994
```

 G0002      MORE PAGES TO FOLLOW . . .

```
BOPG8              *        PUBLIC INFORMATION        *      09-13-2007
PAGE 004           *           INMATE DATA            *      14:09:08
                                AS OF 09-13-2007

REGNO..: 07561-016 NAME: JOHNSON, JAMES F

              RESP OF: FTD / DESIGNATED, AT ASSIGNED FACIL
              PHONE..: 609-723-1100    FAX: 609-723-6847
-----------------------CURRENT COMPUTATION NO: 040 -------------------------

COMPUTATION 040 WAS LAST UPDATED ON 08-21-2007 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 08-27-2007 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 040: 080 010

DATE COMPUTATION BEGAN..........: 08-17-2005
TOTAL TERM IN EFFECT............: 1352 DAYS
TOTAL TERM IN EFFECT CONVERTED..:    3 YEARS      8 MONTHS      13 DAYS
EARLIEST DATE OF OFFENSE........: 08-22-1994

TOTAL JAIL CREDIT TIME..........: 0
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 0
TOTAL SGT POSSIBLE..............: 0
PAROLE ELIGIBILITY..............: COMMISSION'S DISCRETION
STATUTORY RELEASE DATE..........: 04-29-2009
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: N/A
EXPIRATION FULL TERM DATE.......: 04-29-2009

PAROLE EFFECTIVE................: 10-15-2007
PAROLE EFF VERIFICATION DATE....: 08-17-2007
NEXT PAROLE HEARING DATE........: 03-00-2006
TYPE OF HEARING.................: PAROLE PRE-RELEASE REC REV

PROJECTED SATISFACTION DATE.....: 10-15-2007
PROJECTED SATISFACTION METHOD...: PAROLE




G0002      MORE PAGES TO FOLLOW . . .
```

```
   BOPG8          *        PUBLIC INFORMATION      *      09-13-2007
 PAGE 005          *           INMATE DATA         *      14:09:08
                            AS OF 09-13-2007
```

REGNO..: 07561-016 NAME: JOHNSON, JAMES F

                   RESP OF: FTD / DESIGNATED, AT ASSIGNED FACIL

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  10-10-2003 VIA PAROLE

-----------------------PRIOR JUDGMENT/WARRANT NO: 070 ----------------------
```
COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F-8170-94C,D
JUDGE...........................: DUNCAN-PETERS
DATE SENTENCED/PROBATION IMPOSED: 03-31-1995
DATE PROBATION REVOKED..........: 02-18-1997
TYPE OF PROBATION REVOKED.......: REG
DATE WARRANT ISSUED.............: N/A
DATE WARRANT EXECUTED...........: N/A
DATE COMMITTED..................: 06-22-2000
HOW COMMITTED...................: DC SUPERIOR COURT COMT
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:
```
```
                  FELONY ASSESS  MISDMNR ASSESS  FINES         COSTS
NON-COMMITTED.:   $00.00         $00.00          $00.00        $30.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO       AMOUNT:  $00.00
```
-------------------------PRIOR OBLIGATION NO: 010 --------------------------
```
OFFENSE CODE....:  606
OFF/CHG: (CT C) 22-3204(A) CARRYING A PISTOL WITHOUT A LICENSE

  SENTENCE PROCEDURE.............: DC OMNIBUS ADULT SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:   10 YEARS
  MINIMUM TERM...................:   40 MONTHS
  DATE OF OFFENSE................: 08-22-1994
```

```
  G0002       MORE PAGES TO FOLLOW . . .
```

```
    BOPG8          *        PUBLIC INFORMATION       *      09-13-2007
  PAGE 006         *          INMATE DATA            *      14:09:08
                              AS OF 10-10-2003

REGNO..: 07561-016 NAME: JOHNSON, JAMES F

                   RESP OF: FTD / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 609-723-1100   FAX: 609-723-6847
-------------------------PRIOR OBLIGATION NO: 020 -------------------------
OFFENSE CODE....: 606
OFF/CHG: DC ADULT: 6-2311(A) POSSESSION OF AN UNREGISTERED FIREARM

  SENTENCE PROCEDURE............: DC CODE OMNIBUS MISDEMEANOR > 180 DAYS
  SENTENCE IMPOSED/TIME TO SERVE.:    1 YEARS
  RELATIONSHIP OF THIS OBLIGATION
   TO OTHERS FOR THE OFFENDER....: CS OBLG 010
  DATE OF OFFENSE................: 08-22-1994

-------------------------PRIOR COMPUTATION NO: 030 -------------------------

COMPUTATION 030 WAS LAST UPDATED ON 10-10-2003 AT EST AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 030:   070 010, 070 020

DATE COMPUTATION BEGAN..........: 02-18-1997
COMBINED SENTENCE PROCEDURE.....: DC OMNIBUS ADULT COMBINED SENTENCE
COMBINED TERMS IN EFFECT........:   11 YEARS
COMBINED TERMS IN EFFECT CONVERT:   11 YEARS
COMBINED MINIMUM TERM...........:   44 MONTHS
EARLIEST DATE OF OFFENSE........: 08-22-1994

JAIL CREDIT....................:   FROM DATE      THRU DATE
                                   08-23-1994     04-18-1995




  G0002      MORE PAGES TO FOLLOW . . .
```

```
   BOPG8          *        PUBLIC INFORMATION        *     09-13-2007
PAGE 007          *           INMATE DATA            *     14:09:08
                               AS OF 10-10-2003

REGNO..: 07561-016 NAME: JOHNSON, JAMES F

                    RESP OF: FTD / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 609-723-1100    FAX: 609-723-6847
TOTAL JAIL CREDIT TIME..........: 239
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 0
TOTAL SGT POSSIBLE..............: 0
PAROLE ELIGIBILITY..............: 12-05-1999
STATUTORY RELEASE DATE..........: 06-23-2007
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: N/A
EXPIRATION FULL TERM DATE.......: 06-23-2007

PAROLE EFFECTIVE................: 10-10-2003
PAROLE EFF VERIFICATION DATE....: 10-10-2003
NEXT PAROLE HEARING DATE........: N/A
TYPE OF HEARING.................: PAROLE EFFECTIVE

ACTUAL SATISFACTION DATE........: 10-10-2003
ACTUAL SATISFACTION METHOD......: PAROLE
ACTUAL SATISFACTION FACILITY....: EST
ACTUAL SATISFACTION KEYED BY....: VDK

DAYS REMAINING..................: 1352
FINAL PUBLIC LAW DAYS...........: 0



   G0002        MORE PAGES TO FOLLOW . . .
```

```
  BOPG8          *        PUBLIC INFORMATION       *      09-13-2007
PAGE 008         *          INMATE DATA            *      14:09:08
                           AS OF 12-20-1996
```

REGNO..: 07561-016 NAME: JOHNSON, JAMES F

                   RESP OF: FTD / DESIGNATED, AT ASSIGNED FACIL

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  12-20-1996 VIA PAROLE

----------------------PRIOR JUDGMENT/WARRANT NO: 060 ----------------------

```
COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: 33483-76
JUDGE...........................: MCINTYRE
DATE SENTENCED/PROBATION IMPOSED: 11-10-1976
DATE WARRANT ISSUED.............: 08-29-1994
DATE WARRANT EXECUTED...........: 04-19-1995
DATE COMMITTED..................: 05-13-1996
HOW COMMITTED...................: RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:     3 YEARS
```

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00

-------------------------PRIOR OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  654
OFF/CHG: DC CODE SEX RAPE

```
SENTENCE PROCEDURE.............: DC CODE ADULT
SENTENCE IMPOSED/TIME TO SERVE.:    30 YEARS
NEW SENTENCE IMPOSED...........: 6577 DAYS
BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
DATE OF OFFENSE................: 02-23-1976
```

G0002       MORE PAGES TO FOLLOW . . .

```
   BOPG8           *         PUBLIC INFORMATION           *      09-13-2007
PAGE 009           *           INMATE DATA                *      14:09:08
                                AS OF 12-20-1996

REGNO..: 07561-016 NAME: JOHNSON, JAMES F

                   RESP OF: FTD / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 609-723-1100    FAX: 609-723-6847
--------------------------PRIOR COMPUTATION NO: 020 ------------------------

COMPUTATION 020 WAS LAST UPDATED ON 01-30-1997 AT ALM AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 020:   060 010

DATE COMPUTATION BEGAN..........: 04-19-1995
TOTAL TERM IN EFFECT............: 6577 DAYS
TOTAL TERM IN EFFECT CONVERTED..:    18 YEARS       2 DAYS
EARLIEST DATE OF OFFENSE........: 02-23-1976

TOTAL JAIL CREDIT TIME..........: 0
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 10
TOTAL SGT POSSIBLE..............: 2160
PAROLE ELIGIBILITY..............: COMMISSION'S DISCRETION
STATUTORY RELEASE DATE..........: 05-22-2007
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: 10-22-2012
EXPIRATION FULL TERM DATE.......: 04-20-2013

PAROLE EFFECTIVE................: 12-22-1996
PAROLE EFF VERIFICATION DATE....: 12-16-1996
NEXT PAROLE HEARING DATE........: UNKNOWN
TYPE OF HEARING.................: UNKNOWN

ACTUAL SATISFACTION DATE........: 12-20-1996
ACTUAL SATISFACTION METHOD......: PAROLE
ACTUAL SATISFACTION FACILITY....: ALM
ACTUAL SATISFACTION KEYED BY....: CJC

DAYS REMAINING..................: 5963
FINAL PUBLIC LAW DAYS...........: 2




G0002       MORE PAGES TO FOLLOW . . .
```

```
   BOPG8           *        PUBLIC INFORMATION        *      09-13-2007
PAGE 010           *      .   INMATE DATA             *      14:09:08
                            AS OF 02-03-1989

REGNO..: 07561-016 NAME: JOHNSON, JAMES F

                  RESP OF: FTD / DESIGNATED, AT ASSIGNED FACIL

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  02-03-1989 VIA PAROLE

----------------------PRIOR JUDGMENT/WARRANT NO: 030 ----------------------
COURT OF JURISDICTION...........: DIST OF COLUMBIA, DISTRICT CRT
DOCKET NUMBER...................: CR-84-00320
JUDGE...........................: OBERDORFER
DATE SENTENCED/PROBATION IMPOSED: 01-22-1985
DATE WARRANT ISSUED.............: N/A
DATE WARRANT EXECUTED...........: N/A
DATE COMMITTED..................: 03-14-1986
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:      3 YEARS


RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00

----------------------PRIOR OBLIGATION NO: 010 ----------------------
OFFENSE CODE....:  381
OFF/CHG: 21:841(A) UNLAWFUL POSSESSION WITH INTENT TO DISTRIBUTE A
          CONTROLLED SUBSTANCE

 SENTENCE PROCEDURE.............: 4205(B)(1) MINIMUM PE SET BY COURT
 SENTENCE IMPOSED/TIME TO SERVE.:   12 YEARS
 MINIMUM TERM...................:    4 YEARS
 RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: CC
 DATE OF OFFENSE................: 08-28-1984

----------------------PRIOR JUDGMENT/WARRANT NO: 040 ----------------------
COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F3308-84 (B,E)
JUDGE...........................: MOORE
DATE SENTENCED/PROBATION IMPOSED: 03-04-1985
DATE WARRANT ISSUED.............: N/A
DATE WARRANT EXECUTED...........: N/A
DATE COMMITTED..................: 03-14-1986
HOW COMMITTED...................: DC SUPERIOR COURT COMT


   G0002      MORE PAGES TO FOLLOW . . .
```

```
   BOPG8            *        PUBLIC INFORMATION        *     09-13-2007
   PAGE 011         *          INMATE DATA             *     14:09:08
                              AS OF 02-03-1989

REGNO..: 07561-016 NAME: JOHNSON, JAMES F

                    RESP OF: FTD / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 609-723-1100    FAX: 609-723-6847
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:

                  FELONY ASSESS  MISDMNR ASSESS   FINES          COSTS
NON-COMMITTED.:   $50.00         $00.00           $00.00         $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO        AMOUNT: $00.00

------------------------PRIOR OBLIGATION NO: 010 -------------------------
OFFENSE CODE....:  606
OFF/CHG: DC CODE CARRYING A PISTOL WITHOUT A LICENSE AND POSSESSION OF
         A CONTROLLED SUBSTANCE (COCAINE)

SENTENCE PROCEDURE.............: DC CODE ADULT
SENTENCE IMPOSED/TIME TO SERVE.:   8 YEARS
MINIMUM TERM...................:   2 YEARS       6 MONTHS
RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: CC
DATE OF OFFENSE................: 05-16-1984

----------------------PRIOR JUDGMENT/WARRANT NO: 050 ---------------------
COURT OF JURISDICTION..........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER..................: 33483-76
JUDGE..........................: MCINTYRE
DATE SENTENCED/PROBATION IMPOSED: 11-10-1976
DATE WARRANT ISSUED............: 03-25-1985
DATE WARRANT EXECUTED..........: 03-29-1985
DATE COMMITTED.................: 03-29-1985
HOW COMMITTED..................: RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED..............: NO
SPECIAL PAROLE TERM............:


RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO        AMOUNT: $00.00




   G0002        MORE PAGES TO FOLLOW . . .
```

```
  BOPG8           *        PUBLIC INFORMATION        *     09-13-2007
PAGE 012          *           INMATE DATA            *     14:09:08
                            AS OF 02-03-1989

REGNO..: 07561-016 NAME: JOHNSON, JAMES F

                  RESP OF: FTD / DESIGNATED, AT ASSIGNED FACIL
                  PHONE..: 609-723-1100    FAX: 609-723-6847
-------------------------PRIOR OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  654
OFF/CHG: DC CODE SEX RAPE

   SENTENCE PROCEDURE.............: DC CODE ADULT
   SENTENCE IMPOSED/TIME TO SERVE.:   30 YEARS
   NEW SENTENCE IMPOSED...........: 9125 DAYS
   BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
   RELATIONSHIP OF THIS OBLIGATION
    TO OTHERS FOR THE OFFENDER....: CC
   DATE OF OFFENSE................: 02-23-1976

-------------------------PRIOR COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 01-29-1997 AT ALM AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 010:   030 010, 040 010, 050 010

DATE COMPUTATION BEGAN..........: 01-22-1985
AGGREGATED SENTENCE PROCEDURE...: AGGREGATE GROUP 50
TOTAL TERM IN EFFECT............:    25 YEARS      2 MONTHS      1 DAYS
TOTAL TERM IN EFFECT CONVERTED..:    25 YEARS      2 MONTHS      1 DAYS
AGGREGATED MINIMUM TERM.........:     4 YEARS
AGGREGATED SPECIAL PAROLE TERM..:     3 YEARS
EARLIEST DATE OF OFFENSE........: 02-23-1976

JAIL CREDIT.....................:    FROM DATE     THRU DATE
                                    05-16-1984    05-17-1984
                                    08-29-1984    09-04-1984
                                    12-14-1984    01-21-1985




  G0002      MORE PAGES TO FOLLOW . . .
```

```
   BOPG8         *         PUBLIC INFORMATION       *    09-13-2007
PAGE 013 OF 013 *            INMATE DATA            *    14:09:08
                          AS OF 02-03-1989

REGNO..: 07561-016 NAME: JOHNSON, JAMES F

                    RESP OF: FTD / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 609-723-1100   FAX: 609-723-6847
TOTAL JAIL CREDIT TIME..........: 48
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 10
TOTAL SGT POSSIBLE..............: 3020
PAROLE ELIGIBILITY..............: 12-04-1988
STATUTORY RELEASE DATE..........: 10-27-2001
TWO THIRDS DATE.................: 10-04-2001
180 DAY DATE....................: 08-06-2009
EXPIRATION FULL TERM DATE.......: 02-02-2010

PAROLE EFFECTIVE................: 02-04-1989
PAROLE EFF VERIFICATION DATE....: 02-03-1989
NEXT PAROLE HEARING DATE........: UNKNOWN
TYPE OF HEARING.................: UNKNOWN

ACTUAL SATISFACTION DATE........: 02-03-1989
ACTUAL SATISFACTION METHOD......: PAROLE
ACTUAL SATISFACTION FACILITY....: ALM
ACTUAL SATISFACTION KEYED BY....: CJC

DAYS REMAINING..................: 7668
FINAL PUBLIC LAW DAYS...........: 1

G0000      TRANSACTION SUCCESSFULLY COMPLETED
```

```
  BOPG8  535.03 *              INMATE PROFILE              *      09-13-2007
PAGE 001 OF 001                                                  14:09:30
             07561-016                    REG
REGNO: 07561-016                  FUNCTION: PRT DOB/AGE.: 03-13-1946 / 61
NAME.: JOHNSON, JAMES F                             R/S/ETH.: B/M/O
RSP..: FTD-FORT DIX FCI                             MILEAGE.: 148 MILES
PHONE: 609-723-1100         FAX: 609-723-6847
 PROJ REL METHOD: PAROLE FROM PAR COM OR CT       FBI NO..: 981257C
 PROJ REL DATE..: 10-15-2007                      INS NO..:
 PAR ELIG DATE..: COMMISSIONS DISCRETION          SSN.....: 578543504
 PAR HEAR DATE..: 03-2006        PSYCH: NO    DETAINER: NO        CMC..: YES
OFFN/CHG RMKS: DCPV: VIOL: ASSCTION W/PERSON W/CRM REC, VIOL OF SPEC COND.
OFFN/CHG RMKS: NOA: 12-16-06 VIA PP. ORIG: CARRYING PISTOL W/O LIC/POS OF F/A
     FACL CATEGORY   - - - -   CURRENT ASSIGNMENT - - - - -  EFF DATE  TIME
     FTD  ADM-REL   A-DES      DESIGNATED, AT ASSIGNED FACIL 07-24-2007 1446
     FTD  CALLOUTS  LT OFF     LT OFFICE                     09-13-2007 0730
     FTD  CARE LEVEL CARE2     STABLE, CHRONIC CARE          03-01-2006 1105
     FTD  COR COUNSL 5812 A-K  R. HOOD, X-619                07-24-2007 1446
     FTD  CASE MGT  PROG RPT   NEXT PROGRESS REPORT DUE DATE 04-05-2009 0824
     FTD  CASE MGT  RPP COMPLT RELEASE PREP PGM COMPLETE     11-15-2002 1001
     FTD  CASE MGT  RPP UNT C  RELEASE PREP UNIT PGM COMPLETE 08-27-2002 1703
     FTD  CASE MGT  V94 PD     V94 PAST DRUG TRAFFICKING     06-04-1996 1326
     FTD  CASE MGT  V94 PV     V94 PAST VIOLENCE             09-24-1996 0816
     FTD  CASE MGT  WA NOT CER WALSH ACT-NOT CERTIFIED       04-05-2007 1317
     FTD  CASE MGT  WA W CONV  WALSH ACT HIST WITH CONVICTION 02-28-2007 1253
     FTD  COMM CORR DENY NOBED DENY COMM CORR-NO BED SPACE   09-22-2006 1510
     FTD  CORR SVCS RAN NEG    RANDOM DRG TST-NEGATIVE       06-14-2006 1240
     FTD  CORR SVCS SUS NEG    SUSPECT DRG TST-NEGATIVE      09-07-2002 1300
     FTD  CASEWORKER 5812 A-K  J. ORDONEZ, X-648             07-24-2007 1446
     FTD  CUSTODY   IN         IN CUSTODY                    02-01-2006 0931
     FTD  DRUG PGMS DRG I NONE NO DRUG INTERVIEW REQUIRED    03-03-2006 1319
     FTD  DESIG/SENT ALPHA     TEAM ALPHA                    08-31-2006 1800
     FTD  DESTNATION W CCC ACT WAITING FOR CCC ACTION        08-23-2007 1521
     FTD  EDUC INFO ESL HAS    ENGLISH PROFICIENT            06-05-1996 0933
     FTD  EDUC INFO GED EARNED GED EARNED IN BOP             08-06-1996 1348
     FTD  FIN RESP  NO OBLG    FINANC RESP-NO OBLIGATION     05-30-1996 1308
     FTD  LEVEL     LOW        SECURITY CLASSIFICATION LOW   02-01-2006 0955
     FTD  MED DY ST REG DUTY   NO MEDICAL RESTR--REGULAR DUTY 03-01-2007 1410
     FTD  MED DY ST YES F/S    CLEARED FOR FOOD SERVICE      03-08-2006 1313
     FTD  PGM REVIEW NOV       NOVEMBER PROGRAM REVIEW       11-19-2007 1022
     FTD  QUARTERS  Q01-361L   HOUSE Q/RANGE 01/BED 361L     08-15-2007 1103
     FTD  RELIGION  PROTESTANT PROTESTANT                    06-06-1996 0937
     FTD  UNIT      UNIT 5     R. HERBIK, UM X-618           07-24-2007 1446
     FTD  WAITNG LST FIRSTFLOOR FIRST FLOOR PASS             06-08-2007 1509
     FTD  WAITNG LST FS PHYS   PHYSICAL COMPLETED FOR FS     03-08-2006 1314
     FTD  WAITNG LST INFLU     INFLUENZA IMMUNIZATION        10-25-2006 1150
     FTD  WRK DETAIL 5812 ORD W BLDG 5812 ORDERLY - FCI WEST 08-23-2007 0001


  G0000     TRANSACTION SUCCESSFULLY COMPLETED
```

CLOSED, TYPE-G

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:99-cv-00479-RMU

JOHNSON v. USA, et al
Assigned to: Judge Ricardo M. Urbina
Demand: $0
Cause: 28:2241 Petition for Writ of Habeas Corpus (federa

Date Filed: 02/26/1999
Date Terminated: 07/29/1999
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: U.S. Government Defendant

**Petitioner**

**JAMES F. JOHNSON**

represented by **JAMES F. JOHNSON**
R07561-016
FORT DIX FEDERAL
CORRECTIONAL INSTITUTION
P. O. Box 1000
Fort Dix, NJ 08640
PRO SE

V.

**Respondent**

**UNITED STATES OF AMERICA**

**Respondent**

**JIMMY TURNER**
*Warden, North East Ohio Corrections Center*

**Movant**

**UNITED STATES OF AMERICA**

represented by **Robert D. Okun**
UNITED STATES ATTORNEY'S OFFICE
Judiciary Center Building
555 Fourth Street, NW
Room 10-435
Washington, DC 20530
(202) 514-7282
Fax: (202) 514-8784
Email: robert.okun@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**LINWOOD ALLEN FIELDS**　　　represented by　**LINWOOD ALLEN FIELDS**
DC 156-819
CORRECTIONAL CENTER OHIO
2240 Hubbard Road
Youngstown, OH 44505
PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 02/26/1999 | 1 | PETITION filed by petitioner JAMES F. JOHNSON for writ of habeas corpus ; attachments. (bm) (Entered: 03/01/1999) |
| 02/26/1999 | 2 | APPLICATION by petitioner JAMES F. JOHNSON to proceed in forma pauperis (bm) (Entered: 03/01/1999) |
| 02/26/1999 | | ORDER by Judge Aubrey E. Robinson granting motion to proceed in forma pauperis [2-1] by JAMES F. JOHNSON (fiat) (N) (bm) (Entered: 03/01/1999) |
| 03/02/1999 | 3 | ORDER by Judge Ricardo M. Urbina: directing respondent to show cause within 30 days why the Writ of Habeas Corpus should not issue (N) (jwd) (Entered: 03/02/1999) |
| 03/02/1999 | | SHOW CAUSE issued to respondent USA, Warden at Youngstown and Corporation Counsel., (bjsp) (Entered: 03/04/1999) |
| 03/12/1999 | 4 | RESPONSE by Non Party USA to show cause order [3-1] (st) (Entered: 03/16/1999) |
| 03/12/1999 | 5 | RETURN of service executed to order to show cause on 3/5/99 onCorporation Counsel (st) (Entered: 03/18/1999) |
| 03/12/1999 | 6 | RETURN of service executed as to Non Party USA to order to show cause on 3/3/99 (st) (Entered: 03/18/1999) |
| 03/22/1999 | 10 | MOTION filed for LINWOOD FIELDS to intervene as plaintiff. (tw) (Entered: 04/09/1999) |
| 04/05/1999 | 7 | RETURN of service executed to order to show cause on 3/18/99 upon Warden Northeast Ohio Corr. Ctr (bjsp) (Entered: 04/06/1999) |
| 04/06/1999 | 8 | RESPONSE by petitioner JAMES F. JOHNSON to order to show cause [3-1]; (FIAT. Judge Urbina) (tw) (Entered: 04/09/1999) |
| 04/08/1999 | 9 | RESPONSE by respondent USA, respondent JIMMY TURNER, Non Party USA to the Court's 4/6/99 order to show cause [8-1] by JAMES F. JOHNSON ; exhibits (1) (bjsp) (Entered: 04/09/1999) |
| 04/16/1999 | 11 | ORDER by Judge Ricardo M. Urbina: directing that petitioner file his reply to respondents' response to the Order to Show Cause on or before 5/17/99 (N) (jwd) (Entered: 04/16/1999) |
| 04/20/1999 | 12 | RESPONSE by petitioner JAMES F. JOHNSON to the Court's 4/16/99 show cause order [11-1] ; attachments (bjsp) (Entered: 04/22/1999) |

| 05/14/1999 | 13 | REPLY by respondent USA, respondent JIMMY TURNER, Non Party USA to petitioner's response to respondent's response to the show cause order [9-1] by USA, JIMMY TURNER, USA; attachments (bjsp) Modified on 05/17/1999 (Entered: 05/17/1999) |
| 05/27/1999 | 14 | RESPONSE by petitioner JAMES F. JOHNSON to the Court's 4/16/99 show cause order [11-1] (bjsp) (Entered: 05/28/1999) |
| 07/29/1999 | 15 | MEMORANDUM OPINION by Judge Ricardo M. Urbina (N) (jwd) (Entered: 07/29/1999) |
| 07/29/1999 | 16 | ORDER by Judge Ricardo M. Urbina: denying petitioner's application for a writ of habeas corpus; denying motion of Linwood Fields to intervene; dismissing action with prejudice. (N) (jwd) (Entered: 07/29/1999) |
| 08/17/1999 | 17 | NOTICE OF APPEAL by petitioner JAMES F. JOHNSON from order [16-1] , entered on: 7/29/99. (IFP) Copies were sent out to James Johnson, Robert Okun and Linwood Fields. (bjsp) (Entered: 08/19/1999) |
| 08/19/1999 | | TRANSMITTED PRELIMINARY RECORD on appeal [17-1] by JAMES F. JOHNSON to U.S. Court of Appeals (bjsp) (Entered: 08/19/1999) |
| 08/20/1999 | | USCA # 99-5291 assigned for appeal [17-1] by JAMES F. JOHNSON (st) (Entered: 08/23/1999) |
| 01/28/2000 | 18 | RESPONSE by petitioner JAMES F. JOHNSON in opposition to appellee's motion to dimiss or for summary judgment (bjsp) (Entered: 02/01/2000) |
| 04/05/2001 | 19 | CERTIFIED COPY of docket sheet filed in USCA dated 4/4/00, on appeal [17-1] , dismissing appeal . USCA # 99-5291 (cjp) (Entered: 04/09/2001) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/12/2007 10:48:37 | | |
| **PACER Login:** | du6818 | **Client Code:** | doj |
| **Description:** | Docket Report | **Search Criteria:** | 1:99-cv-00479-RMU |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

| Home | PACER | Full Docket | Opinions | **Orders/Judgments Lists**   | Help |
If you view the full docket, you will be charged for 8 Pages   $ 0.64

## US Court of Appeals for the DC Circuit
## Case Summary

Court of Appeals Docket #: 99-5291                                Filed: 8/20/99
Nsuit: 2530  Prisoner: Habeas Corpus
Johnson, James F. v. USA, et al
Appeal from: U.S. District Court

Lower court information:
    District: 0090-1 : 99cv00479        lead: 99cv00479
    Trial Judge: Ricardo M. Urbina, US District Judge

2/15/00          Letter sent Warden's Cover letter - receipt due 3/16/00 for
                 James F. Johnson. Documents sent: clerk order extending
                 time for appellant to file a response to the motion to
                 dismiss, or for summary affirmance [496625-1], fail to
                 respond warning [496625-2], clerk order filed 12/29/99. (lvs)

2/17/00          OPPOSITION filed [497174-1] (5 copies) by Appellant James F.
                 Johnson (certificate of service dated 1/8/00) to a motion to
                 dismiss case lack/jurisdiction [486599-1], to a motion for
                 summary affirmance [486599-2]. [FILED IN DISTRICT COURT ON
                 1/28/00 IN ERROR]. [SERVED A COPY OF THIS FILING TO JOHN
                 FISHER, MARC RINDNER, U.S. ATTORNEY'S OFFICE; CHARLES
                 REISCHEL, OFFICE OF CORPORATION COUNSEL ON 2/17/00]. (lvs)

2/17/00          CLERK'S ORDER filed, on the court's own motion, that the
                 clerk's order extending time entered February 15, 2000, is
                 hereby vacated. [Response was filed in District Court on
                 January 28, 2000, and transmitted to U.S. Court of Appeals
                 on February 17, 2000]. [Entry Date: 2/17/00] (lvs)

3/3/00           RECEIPT filed [500803-1] by J. F. Johnson for Appellant
                 James F. Johnson (signed for on 2/24/00) in response to the
                 Clerk's order filed February 15, 2000, extending time
                 [496625-1]. (jth)

4/4/00           PER CURIAM ORDER filed that the motion for appointment of
                 counsel be denied.  The intrests of justice do not warrant
                 appointment of counsel int his case [461403-1]. FURTHER
                 ORDERED that the request for a COA be denied, and that the
                 motion to dismiss be granted. Appellant has nto made a
                 "substantial showing of the denial of a constitutional
                 right." [486599-1]. Because no appeal has been allowed, no
                 mandate shall issue.  Before Judges Williams, Randolph,
                 Rogers. [Entry Date: 4/4/00] (wmw)

| **PACER Service Center** | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 10/12/2007 11:01:03 | | |
| PACER Login: | du6818 | Client Code: | doj |

| Description: | dkt summary | Case Number: | 99-5291 |
|---|---|---|---|
| Billable Pages: | 1 | Cost: | 0.08 |

CLOSED, TYPE-G

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:00-cv-01662-GK

JOHNSON v. USA
Assigned to: Judge Gladys Kessler
Demand: $0
Cause: 28:2241 Petition for Writ of Habeas Corpus (federa

Date Filed: 07/13/2000
Date Terminated: 12/27/2000
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: U.S. Government Defendant

**Petitioner**

**JAMES F. JOHNSON**

represented by **JAMES F. JOHNSON**
R07561-016
FORT DIX FEDERAL
CORRECTIONAL INSTITUTION
P. O. Box 1000
Fort Dix, NJ 08640
PRO SE

V.

**Respondent**

**UNITED STATES OF AMERICA**

represented by **John J. Manning**
U.S. ATTORNEY'S OFFICE
Judiciary Center Building
555 Fourth Street, NW
Room 3239
Washington, DC 20530
(202) 305-2195
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**OFFICE OF THE ATTORNEY GENERAL FOR THE DISTRICT OF COLUMBIA**

represented by **Carol Paskin Epstein**
OFFICE OF THE ATTORNEY
GENERAL OF DISTRICT OF
COLUMBIA
1350 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 724-5536
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/13/2000 | 1 | PETITION filed by petitioner JAMES F. JOHNSON for writ of mandamus (bm) (Entered: 07/17/2000) |
| 07/13/2000 | 2 | APPLICATION by petitioner JAMES F. JOHNSON to proceed in forma pauperis (bm) (Entered: 07/17/2000) |
| 07/13/2000 | | ORDER by Judge Royce C. Lamberth granting motion to proceed in forma pauperis [2-1] by JAMES F. JOHNSON (fiat) (N) (bm) (Entered: 07/17/2000) |
| 07/18/2000 | 3 | ORDER by Judge Gladys Kessler: that respondent show cause within 15 days of service of a copy of this Order why the Writ of Habeas Corpus should not be issued; directing that the Clerk of Court furnish a copy of the petition and certified copy of this Order to the U.S. Marshal for the purpose of making service on the custodian, D.C. Corporation Counsel and U.S. Attorney for D.C.. (N) (pob) (Entered: 07/19/2000) |
| 07/20/2000 | | SHOW CAUSE (2) issued to respondent USA and USAG. (td) (Entered: 07/24/2000) |
| 08/01/2000 | 4 | RETURN of service executed to order to show cause on 8/1/00 upon Corporation Counsel (tb) (Entered: 08/03/2000) |
| 08/01/2000 | 5 | RETURN of service executed as to respondent USA to order to show cause on 8/1/00 (tb) (Entered: 08/03/2000) |
| 08/04/2000 | 6 | RETURN OF SERVICE/AFFIDAVIT of summons and complaint executed on 7/24/00 on Northeast Ohio Correctional Center CCA/NE by certified mail; attachment. (bm) (Entered: 08/04/2000) |
| 08/16/2000 | 7 | ATTORNEY APPEARANCE for respondent USA by John J. Manning (cjp) (Entered: 08/17/2000) |
| 08/16/2000 | 8 | MOTION filed by respondent USA to extend time to 8/28/00 to file a response to the order to show cause (cjp) (Entered: 08/17/2000) |
| 08/17/2000 | 9 | ORDER by Judge Gladys Kessler : granting motion to extend time to 9/1/00 to file a response to the order to show cause [8-1] by USA (N) (pob) (Entered: 08/17/2000) |
| 09/11/2000 | 10 | MOTION filed by respondent USA for leave to refile an original verison of motion to dismiss (tb) (Entered: 09/12/2000) |
| 09/11/2000 | 11 | MOTION filed by respondent USA to dismiss petition for writ of mandamus [1-1] ; exhibits (3); BULKY PLEADING (dcn) (Entered: 09/12/2000) |
| 09/11/2000 | 14 | RESPONSE by petitioner JAMES F. JOHNSON in opposition to motion to dismiss petition for writ of mandamus [1-1] [11-1] by USA . (tb) (Entered: 09/19/2000) |
| 09/11/2000 | 15 | RESPONSE by Non Party CORPORATION COUNSEL to order that respondent show cause within 15 days of service of a copy of this Order |

| | | |
|---|---|---|
| | | why the Writ of Habeas Corpus should not be issued; directing that the Clerk of Court furnish a copy of this petition and certified copy of this Order to the U.S. Marshal for the purpose of making service on the custodian, D.C. Corporation Counsel and U.S. Attorney for D.C.. [3-1], order [3-2] (tb) (Entered: 09/20/2000) |
| 09/14/2000 | 12 | ORDER by Judge Gladys Kessler: for petitioner to respond to the respondents'motion to dismiss by 10/16/00 (N) (pob) (Entered: 09/14/2000) |
| 09/14/2000 | 13 | ORDER by Judge Gladys Kessler : granting motion for leave to refile an original verison of motion to dismiss [10-1] by USA (N) (pob) (Entered: 09/14/2000) |
| 09/25/2000 | 16 | NOTICE OF CHANGE OF ADDRESS by JAMES F. JOHNSON representing petitioner JAMES F. JOHNSON . New address: SUSSEX II PRISON 24427 Musselwhite Drive Waverly VA 23891-2222 (tb) (Entered: 09/28/2000) |
| 10/30/2000 | 17 | MOTION filed by petitioner JAMES F. JOHNSON to amend petition for writ of mandamus [1-1] by JAMES F. JOHNSON (hsj) Modified on 12/06/2000 (Entered: 12/05/2000) |
| 12/26/2000 | 18 | MEMORANDUM OPINION by Judge Gladys Kessler (N) (dam) (Entered: 12/27/2000) |
| 12/26/2000 | 19 | ORDER by Judge Gladys Kessler: granting motion to dismiss petition for writ of mandamus [1-1] [11-1] by USA, denying petition for writ of mandamus [1-1] by JAMES F. JOHNSON; this action is dismissed without prejudice for lack of jurisdiction. Any pending motions are denied as moot. (N) (dam) (Entered: 12/27/2000) |
| 12/26/2000 | 20 | JUDGMENT by Judge Gladys Kessler in favor of respondent USA against petitioner JAMES F. JOHNSON (dam) (Entered: 12/27/2000) |
| 01/31/2001 | 21 | MOTION filed by petitioner JAMES F. JOHNSON for reconsideration of order [19-1] (pob) (Entered: 01/31/2001) |
| 01/31/2001 | 22 | MEMORANDUM deny reconsideration by Judge Gladys Kessler : (N) (pob) (Entered: 01/31/2001) |
| 01/31/2001 | 23 | ORDER by Judge Gladys Kessler : denying motion for reconsideration of order [19-1] [21-1] by JAMES F. JOHNSON; directing that the Clerk shall file the attached Notice of Appeal of Right; this is a final appealable order. (N) (pob) (Entered: 01/31/2001) |
| 01/31/2001 | 24 | NOTICE OF APPEAL by petitioner JAMES F. JOHNSON from order [19-1], entered on: 12/27/00; NO FEES PAID, copies mailed to Carol Epstein, John Manning and James Johnson (tb) Modified on 02/12/2001 (Entered: 02/12/2001) |
| 02/12/2001 | | TRANSMITTED PRELIMINARY RECORD on appeal [24-1] by JAMES F. JOHNSON to U.S. Court of Appeals (tb) (Entered: 02/12/2001) |

| 02/26/2001 | | USCA # 01-5044 assigned for appeal [24-1] by JAMES F. JOHNSON (tb) (Entered: 03/05/2001) |
| 05/31/2002 | 25 | CERTIFIED COPY of order filed in USCA dated 5/30/2, on appeal [24-1], directing that the certificate of appealability is denied and dismissing appeal . USCA # 01-5044 (cjp) (Entered: 06/11/2002) |

| PACER Service Center | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 10/12/2007 10:21:42 | | |
| PACER Login: | du6818 | Client Code: | doj |
| Description: | Docket Report | Search Criteria: | 1:00-cv-01662-GK |
| Billable Pages: | 2 | Cost: | 0.16 |

If you view the full docket, you will be charged for 7 Pages    $ 0.56

## US Court of Appeals for the DC Circuit
## Case Summary

Court of Appeals Docket #: 01-5044                    Filed: 2/23/01
Nsuit: 2530  Prisoner: Habeas Corpus
Johnson, James F. v. USA
Appeal from: U.S. District Court

Lower court information:
        District: 0090-1 : 00cv01662        lead: 00cv01662
        Trial Judge: Gladys Kessler, US District Judge

| | |
|---|---|
| 3/28/02 | OPPOSITION filed [668312-1] (5 copies) by Appellee USA (certificate of mail service dated 3/28/02) to appellant's application for a Certificate of Appealability [667501-1]; MOTION filed to dismiss appeal [668312-2]. Reply/Response due on 4/11/02. (jth) |
| 4/16/02 | RESPONSE filed [672110-1] (5 copies) by Pro Se Appellant James F. Johnson (certificate of mail service date 4/4/02) to appellee's motion to dismiss appeal [668312-2]. (jth) |
| 4/16/02 | Letter sent acknowledging receipt of [672112-1] appellant's response to appellee's motion to dismiss appeal [672110-1]. Document sent: copy of the response [672110-1]. (jth) |
| 5/30/02 | PER CURIAM ORDER filed [680565] denying motion for certificate of appealability [667501-1] filed by James F. Johnson. Granting motion dismiss case for lack of a certificate of appealability filed by USA [668312-2]. Dismissing as moot motion for summary affirmance by USA [587999-1]. Because no certificate of appelability has been allowed, no mandate shall issue [680565-1]. Before Judges Ginsburg, Edwards, Garland. [Entry Date: 5/30/02] (sha) |
| 6/14/02 | PETITION for rehearing [683922-1], PETITION for rehearing en banc [683922-2] (20 copies) filed by Pro Se Appellant James F. Johnson (certificate of mail service date 6/4/02) (Styled by Appellant as "Motion for Reconsideration"). (jth) |
| 6/14/02 | Letter sent acknowledging receipt of [683924-1] appellant's petition for rehearing [683922-1], petition for rehearing en banc [683922-2]. Document sent: copy of the petition for rehearing/petition for rehearing en banc [683922-2]. (jth) |
| 8/2/02 | PER CURIAM ORDER, In Banc, filed [693316] denying suggestion rehearing en banc [683922-2] filed by James F. Johnson. Before Judges Ginsburg, Edwards, Sentelle, Henderson, Randolph, Rogers, Tatel, Garland . [Entry Date: 8/2/02] (mcm) |
| 8/2/02 | PER CURIAM ORDER filed [693318] denying petition rehearing [683922-1] filed by James F. Johnson. The district court denied appellant's motion to amend his habeas corpus |

petition to include a claim under Apprendi v. NJ, a claim
that is without merit in any event. Before Judges Ginsburg,
Edwards, Garland . [Entry Date: 8/2/02] (mcm)

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 10/11/2007 20:48:58 | | | |
| PACER Login: | du6818 | Client Code: | doj |
| Description: | dkt summary | Case Number: | 01-5044 |
| Billable Pages: | 1 | Cost: | 0.08 |

HABEAS, PROSE-PR, TYPE-D

## U.S. District Court
### District of Columbia (Washington, DC)
### CIVIL DOCKET FOR CASE #: 1:03-cv-01216-RJL

JOHNSON v. FEDERAL BUREAU OF PRISONS et al
Assigned to: Judge Richard J. Leon
Case in other court: USCA, 04-05180
Cause: 28:2241 Petition for Writ of Habeas Corpus (federa

Date Filed: 06/04/2003
Date Terminated: 12/05/2003
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: U.S. Government Defendant

**Petitioner**

**JAMES F. JOHNSON**

represented by **JAMES F. JOHNSON**
R07561-016
FORT DIX FEDERAL
CORRECTIONAL INSTITUTION
P.O. Box 1000
Fort Dix, NJ 08640
PRO SE

V.

**Respondent**

**LINDA MOORE**
*Community Corr. Manager*

**Respondent**

**ALBERT MCNEIL**
*Director*

**Respondent**

**MAYOR, DISTRICT OF COLUMBIA**

**Respondent**

**KATHLEEN HAWK-SAWYER**
*Director, Federal Bureau of Prisons*

represented by **Robert D. Okun**
UNITED STATES ATTORNEY'S
OFFICE
Judiciary Center Building
555 Fourth Street, NW
Room 10-435
Washington, DC 20530
(202) 514-7282
Fax: (202) 514-8784
Email: robert.okun@usdoj.gov

*ATTORNEY TO BE NOTICED*

**Daniel M. Cisin**
U.S. ATTORNEY'S OFFICE
555 4th Street, N.W.
Washington, DC 20530
(202) 514-7289
Fax: (202) 514-8784
Email: dan.cisin@verizon.net
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/04/2003 | 1 | PETITION for Writ of Habeas Corpus (Filing fee $ 0.) , filed by JAMES F. JOHNSON. (Attachments: # 1 Exhibit)(nmw, ) (Entered: 06/10/2003) |
| 06/04/2003 | 2 | MOTION for Leave to Proceed in forma pauperis by JAMES F. JOHNSON. (Attachments: # 1 Exhibit)(nmw, ) (Entered: 06/10/2003) |
| 06/04/2003 | | ORDER (Fiat) granting 2 Motion for Leave to Proceed in forma pauperis. Signed by Judge Ricardo M. Urbina. (nmw, ) (Entered: 06/10/2003) |
| 06/04/2003 | 3 | MOTION for Temporary Restraining Order by JAMES F. JOHNSON. (nmw, ) (Entered: 06/10/2003) |
| 06/04/2003 | 4 | ORDER that plaintiff's civil right claims for damages with respect to the District of Columbia's Sex Offender Registration Act of 1999 and the operation of the community corrections facility where he currently resides are Dismissed Without Prejudice; that plaintiff's motion for injuntive relief is Denied Without Prejudice; this action shall proceed as a habeas action. Signed by Judge Ricardo M. Urbina on 5/22/03. (nmw, ) (Entered: 06/10/2003) |
| 07/03/2003 | 5 | MOTION to Compel, and MOTION for Declaratory Summary Judgment, pursuant to 28 USC 1361, by JAMES F. JOHNSON. (Attachments: # 1 Exhibit)(nmw, ) (Entered: 07/09/2003) |
| 07/28/2003 | 6 | ORDER TO SHOW CAUSE directing the respondents, by counsel, within 10 days of service of a copy of the order and petition, to file with the Court and serve on the petitioner a statement showing why the writ of habeas corpus should not be issued. Signed by Judge Richard J. Leon on 07/18/03. (jeb, ) (Entered: 07/28/2003) |
| 08/06/2003 | | SHOW CAUSE Issued (4) as to Warden, D.C. Jail, BOP, USA & USAG pursuant to Order to Show Cause 6 (jf, ) Modified on 8/8/2003 (jf, ). (Entered: 08/08/2003) |
| 08/20/2003 | 11 | MOTION for Default and Judgment for Want for Prosecution by JAMES F. JOHNSON. (mpt, ) (Entered: 08/29/2003) |
| 08/21/2003 | 7 | SHOW CAUSE Executed as to U.S. Attorney and Bureau of Prisons pursuant to Order to Show Cause 6 (bcs, ) (Entered: 08/22/2003) |

| 08/25/2003 | 8 | MOTION for Extension of Time to File Response/Reply by KATHLEEN HAWK-SAWYER. (Cisin, Daniel) (Entered: 08/25/2003) |
| 08/25/2003 | 13 | MOTION for Extension of Time to file a response to petitioner's petition for writ of habeas corpus.. (td, ) (Entered: 09/10/2003) |
| 08/27/2003 | 9 | ORDER granting 8 MOTION for Extension of Time to File Response/Reply to petitioner's petition for writ of habeas corpus, by KATHLEEN HAWK-SAWYER Responses due by 9/4/2003. Signed by Judge Richard J. Leon on 8/26/03. (whb) (Entered: 08/27/2003) |
| 08/28/2003 | 10 | ORDER denying without prejudice 5 Petitioner's Motion to Compel, denying without prejudice 5 Petitioner's Motion for Summary Judgment. Also Denying Petitioner's motion for default. FURTHER ORDERED that respondents' motion for an enlargement of time (#8) is GRANTED, Responded shall file a response to the Court's Order to Show Cause not later than September 4, 2003 . Signed by Judge Richard J. Leon on 8/26/03. (whb) (Entered: 08/28/2003) |
| 09/04/2003 | 12 | Memorandum in opposition to motion re 11 *Petitioner's Motion to Compel and Motion for Clarification of Claims* filed by KATHLEEN HAWK-SAWYER, ALBERT MCNEIL, LINDA MOORE. (Attachments: # 1 Affidavit Declaration of Michael Pybas# 2 Exhibit A# 3 Exhibit B# 4 Exhibit C# 5 Exhibit E# 6 Exhibit F# 7 Exhibit D# 8 Exhibit G)(Cisin, Daniel) (Entered: 09/04/2003) |
| 09/08/2003 | 14 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on Attorney General. (mpt, ) (Entered: 09/11/2003) |
| 09/12/2003 | 15 | SHOW CAUSE Executed as to Warden, D.C. Jail pursuant to Order to Show Cause 6 (jf, ) (Entered: 09/23/2003) |
| 10/03/2003 | 16 | ERRATA of certificate of service to opposition to petitioner's motion to compel and for summary judgment by KATHLEEN HAWK-SAWYER. (jf, ) (Entered: 10/14/2003) |
| 10/16/2003 | 17 | RESPONSE to defendant's untimely submitted response to this Court's order to respond within ten (10) days, ordered July 17, 2003 by JAMES F. JOHNSON. (Attachments: # 1 Exhibit A)(jf, ) (Entered: 10/26/2003) |
| 12/05/2003 | 18 | MEMORANDUM AND OPINION. Signed by Judge Richard J. Leon on 12/4/03. (zwhb) (Entered: 12/05/2003) |
| 12/05/2003 | 19 | ORDER DISMISSING CASE Order to Show Cause is DISCHARGED, Petition for writ of haveas corpus is DENIED, any pendings motions are DENIED as moot. Signed by Judge Richard J. Leon on 12/4/03. (zwhb) (Entered: 12/05/2003) |
| 03/16/2004 | 20 | MOTION for Leave tofile late Notice of Appeal by JAMES F. JOHNSON. (Attachments: # 1 Exhibit)(jf, ) (Entered: 03/17/2004) |
| 04/20/2004 | 21 | ORDER granting 20 MOTION for Leave to file late Notice of Appeal by JAMES F. JOHNSON. The Clerk of Court shall note petitioner's appeal as of the date of entry of this Order. Signed by Judge Richard J. Leon on |

| | | |
|---|---|---|
| | | 4/19/04. (whb) (Entered: 04/20/2004) |
| 04/20/2004 | 22 | NOTICE OF APPEAL as to 19 Order Dismissing Case by JAMES F. JOHNSON. (jf, ) (Entered: 05/03/2004) |
| 05/03/2004 | | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 22 Notice of Appeal (jf, ) (Entered: 05/03/2004) |
| 05/11/2004 | | USCA Case Number 04-5180 for 22 Notice of Appeal filed by JAMES F. JOHNSON. (jf, ) (Entered: 05/12/2004) |
| 05/17/2004 | 24 | ORDER of USCA as to 22 Notice of Appeal filed by JAMES F. JOHNSON that this appeal be held in abeyance pending further order of the court; USCA # 04-5180. (adc) (Entered: 07/12/2004) |
| 06/01/2004 | 23 | ORDER re 22 Notice of Appeal filed by JAMES F. JOHNSON. Signed by Judge Richard J. Leon on 5/27/04. (whb) (Entered: 06/01/2004) |
| 06/21/2004 | | Supplemental Record on Appeal transmitted to US Court of Appeals re 22 Notice of Appeal (rje, ) (Entered: 06/21/2004) |
| 07/13/2005 | 25 | MANDATE of USCA (certified copy)It is hereby ordered that the motion for summary affirmance be granted;USCA#04-5180 (jsc) (Entered: 07/18/2005) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/12/2007 11:25:05 | | |
| **PACER Login:** | du6818 | **Client Code:** | doj |
| **Description:** | Docket Report | **Search Criteria:** | 1:03-cv-01216-RJL |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

CLOSED, JURY, PROSE-PR, TYPE-F

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:05-cv-02315-RBW

JOHNSON v. WILLIAMS et al
Assigned to: Judge Reggie B. Walton
 Case: 1:05-cv-02504-RBW
Case in other court: 06-07176
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 12/01/2005
Date Terminated: 09/26/2006
Jury Demand: Plaintiff
Nature of Suit: 550 Prisoner: Civil
Rights
Jurisdiction: Federal Question

**Plaintiff**

**JAMES F. JOHNSON**                     represented by  **JAMES F. JOHNSON**
                                          R07561-016
                                          FORT DIX FEDERAL
                                          CORRECTIONAL INSTITUTION
                                          P.O. Box 1000
                                          Fort Dix, NJ 08640
                                          PRO SE

V.

**Defendant**

**ANTHONY WILLIAMS**                     represented by  **Dana K. DeLorenzo**
*Mayor*                                   OFFICE OF THE ATTORNEY
                                          GENERAL FOR D.C.
                                          441 Fourth Street, NW
                                          6th Floor South
                                          Washington, DC 20001
                                          (202) 724-6515
                                          Email: dana.delorenzo@dc.gov
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**PAUL QUANDER**
*Director, Court Services Supervision
Agency*

**Defendant**

**PAUL BRENNAN**
*Supervisor, Court Services Supervision
Agency*

**Defendant**

**JOHN TABERSKI**

Supervision Officer, Court Services
Offender Supervision Agency

**Defendant**

**ANTHONY HINTON**
Supervision Officer - Court Services
Offender Supervision

| Date Filed | # | Docket Text |
|---|---|---|
| 12/01/2005 | 1 | COMPLAINT against ANTHONY WILLIAMS, PAUL QUANDER, PAUL BRENNAN, JOHN TABERSKI, ANTHONY HINTON (Filing fee $ 0.00) filed by JAMES F. JOHNSON.(jf, ) (Entered: 12/05/2005) |
| 12/01/2005 | | SUMMONS Not Issued as to ANTHONY WILLIAMS, PAUL QUANDER, PAUL BRENNAN, JOHN TABERSKI, ANTHONY HINTON (jf, ) (Entered: 12/05/2005) |
| 12/01/2005 | 2 | MOTION for Leave to Proceed in forma pauperis by JAMES F. JOHNSON. (jf, ) (Entered: 12/05/2005) |
| 12/01/2005 | 3 | PRISONER TRUST FUND ACCOUNT STATEMENT for period of six months by JAMES F. JOHNSON (jf, ) (Entered: 12/05/2005) |
| 12/01/2005 | 4 | ORDER Directing Monthly Payments in the amount of 8.25 be made from Prison Account of James F. Johnson; granting motion to proceed in forma pauperis. Signed by Judge James Robertson on 11/29/05. (jf, ) (Entered: 12/05/2005) |
| 12/30/2005 | | Summons (5) Issued as to ANTHONY WILLIAMS, PAUL QUANDER, PAUL BRENNAN, JOHN TABERSKI, ANTHONY HINTON. (td, ) (Entered: 01/03/2006) |
| 01/13/2006 | 5 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. JOHN TABERSKI served on 1/11/2006, answer due 1/31/2006 (td, ) (Entered: 01/19/2006) |
| 01/13/2006 | 6 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. PAUL QUANDER served on 1/11/2006, answer due 1/31/2006 (td, ) (Entered: 01/19/2006) |
| 01/13/2006 | 7 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. PAUL BRENNAN served on 1/11/2006, answer due 1/31/2006 (td, ) (Entered: 01/19/2006) |
| 01/13/2006 | 8 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. ANTHONY HINTON served on 1/11/2006, answer due 1/31/2006 (td, ) (Entered: 01/19/2006) |
| 01/19/2006 | 9 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. ANTHONY WILLIAMS served on 1/19/2006, answer due 2/8/2006 (jf, ) (Entered: 01/20/2006) |

| 02/08/2006 | 10 | MOTION to Dismiss by ANTHONY WILLIAMS. (Attachments: # 1 Text of Proposed Order)(DeLorenzo, Dana) (Entered: 02/08/2006) |
| 02/13/2006 | 11 | Order advising plaintiff to respond to defendant Williams' motion to dismiss, or Court may deem matter as conceded. Response due by 3/10/2006. Signed by Judge Reggie B. Walton on 2/13/06. (ms, ) (Entered: 02/13/2006) |
| 02/22/2006 | 12 | RESPONSE to 10 motion to dismiss filed by JAMES F. JOHNSON. (td, ) (Entered: 02/23/2006) |
| 02/24/2006 | 13 | MOTION for Extension of Time to File Response/Reply *to Plaintiff's Response to the Motion to Dismiss* by ANTHONY WILLIAMS. (DeLorenzo, Dana) (Entered: 02/24/2006) |
| 02/28/2006 | | MINUTE ORDER: Defendant Williams' 13 Motion for Extension of Time to File a Reply is granted. Reply due by 3/7/2006. Signed by Judge Reggie B. Walton on 2/28/06. (ms, ) (Entered: 02/28/2006) |
| 03/06/2006 | 14 | REPLY to opposition to motion re 10 MOTION to Dismiss filed by ANTHONY WILLIAMS. (DeLorenzo, Dana) (Entered: 03/06/2006) |
| 09/26/2006 | 15 | MEMORANDUM AND OPINION. Signed by Judge Reggie B. Walton on 9/22/06. (ms, ) (Entered: 09/26/2006) |
| 09/26/2006 | 16 | ORDER granting 10 defendant Williams' Motion to Dismiss and dismissing action without prejudice. Signed by Judge Reggie B. Walton on 9/22/06. (ms, ) (Entered: 09/26/2006) |
| 10/10/2006 | 17 | NOTICE OF APPEAL as to 15 Memorandum & Opinion, 16 Order on Motion to Dismiss by JAMES F. JOHNSON. Fee Status: No Fee Paid. Parties have been notified. (td, ) (Entered: 10/12/2006) |
| 10/12/2006 | | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 17 Notice of Appeal (td, ) (Entered: 10/12/2006) |
| 10/17/2006 | | USCA Case Number 06-7176 for 17 Notice of Appeal filed by JAMES F. JOHNSON,. (td, ) (Entered: 10/19/2006) |
| 11/13/2006 | 18 | ORDER of USCA (certified copy) as to 17 Notice of Appeal filed by JAMES F. JOHNSON; It is hereby ordered on the courts own motion that appellant's motion for leave to proceed on appeal in forma pauperis be referred to the United States District Court for DC for consideration in the first instance; It is further ordered that this case be held in abeyance pending resolution; USCA#06-7176 (jsc) (Entered: 11/21/2006) |
| 11/13/2006 | 19 | MOTION for Leave to Appeal in forma pauperis by JAMES F. JOHNSON. (Attachments: # 1 Exhibit)(td, ) (Entered: 11/27/2006) |
| 11/30/2006 | | MINUTE ORDER: It is hereby ORDERED that Plaintiff's 19 Motion for Leave to Appeal in forma pauperis is GRANTED. Signed by Judge Reggie B. Walton on 11/30/06. (ms, ) (Entered: 11/30/2006) |
| 12/01/2006 | | Supplemental Record transmitted to US Court of Appeals re 18 USCA Order,, 17 Notice of Appeal (td, ) (Entered: 12/01/2006) |

| 03/19/2007 | 20 | ORDER of USCA (certified copy) as to 17 Notice of Appeal filed by JAMES F. JOHNSON; It is hereby ordered on the courts own motion that the motion be referred to the District Court for consideration; It is further ordered that this case be held in abeyance pending resolution by the District Court of the motion; UCSA#06-7176 (jsc) (Entered: 03/27/2007) |
| 06/13/2007 | 21 | ORDER granting plaintiff's Rule 59(e) motion. The Clerk of Court forthwith shall transmit this Order to the United States Court of Appeals for the District of Columbia Circuit. Signed by Judge Reggie B. Walton on 6/13/07. (ms, ) (Entered: 06/13/2007) |
| 08/28/2007 | 22 | ORDER of USCA (certified copy) that the order to show cause be discharged, that the motion to withdraw appeal be granted, and the case be dismissed as to 17 Notice of Appeal filed by JAMES F. JOHNSON. (erd) (Entered: 08/31/2007) |

| PACER Service Center | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 10/11/2007 21:30:37 | | |
| **PACER Login:** | du6818 | **Client Code:** | doj |
| **Description:** | Docket Report | **Search Criteria:** | 1:05-cv-02315-RBW |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

APPEAL, CLOSED, HABEAS

# U.S. District Court
## District of New Jersey [LIVE] (Camden)
## CIVIL DOCKET FOR CASE #: 1:06-cv-02233-NLH

JOHNSON v. SAMUELS et al
Assigned to: Judge Noel L. Hillman
Case in other court: USCA, 07-02733
Cause: 28:2241 Petition for Writ of Habeas Corpus (federa

Date Filed: 05/12/2006
Date Terminated: 05/30/2007
Jury Demand: None
Nature of Suit: 530 Habeas Corpus
(General)
Jurisdiction: U.S. Government
Defendant

**Petitioner**

**JAMES F. JOHNSON**

represented by **JAMES F. JOHNSON**
C/O WILLIAM H. JOHNSON
3421 15 STREET, S.E. #102
WASHINGTON, DC 20020
PRO SE

V.

**Respondent**

**WARDEN CHARLES SAMUELS**

represented by **DOROTHY J. DONNELLY**
UNITED STATES ATTORNEY'S
OFFICE
402 EAST STATE STREET
ROOM 430
TRENTON, NJ 08608
(609) 989-0564
Email: dorothy.donnelly@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Respondent**

**DIRECTOR FEDERAL BUREAU
OF PRISONS**

represented by **DOROTHY J. DONNELLY**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/12/2006 | 1 | PETITION for Writ of Mandamus under 28:1651(NO FF) , filed by JAMES F. JOHNSON. (Attachments: # 1 Application IFP)(TH, ) (Entered: 05/25/2006) |

| 06/14/2006 | 2 | AMENDED DOCUMENT by JAMES F. JOHNSON. Amendment to 1 Petition for Writ of Habeas Corpus. (sb) (Entered: 06/15/2006) |
| 07/05/2006 | 3 | ORDER REASSIGNING CASE. Case reassigned to Judge Noel L. Hillman for all further proceedings. Judge Freda L. Wolfson no longer assigned to case. Signed by Judge Garrett E. Brown, Jr. on 7/5/06. (MB, ) (Entered: 07/06/2006) |
| 07/28/2006 | 4 | NOTICE of Change of Address by JAMES F. JOHNSON (effective October 2006) (sb) (Entered: 07/28/2006) |
| 08/15/2006 | 5 | OPINION . Signed by Judge Noel L. Hillman on 8/15/2006. (TH, ) (Entered: 08/18/2006) |
| 08/15/2006 | 6 | ORDER that the Clerk of the Court shall convert this action to a habeas petition. Petitioner's application to proceed IFP is hereby granted, and shall be reflected on the docket. The Clerk shall file the Petition without prepayment of fees or security. Petitioner's application for mandamus relief is hereby DISMISSED. The Clerk shall serve copies of the Application, this Order, and all other documents docketed in this matter upon Respondents by certified mail, and Respondents shall file a response within 45 days of the date of entry of this Order. Signed by Judge Noel L. Hillman on 8/15/2006. (TH, ) (Entered: 08/18/2006) |
| 08/15/2006 | | PETITION for Writ of Habeas Corpus under 28 U.S.C. 2241 , filed by JAMES F. JOHNSON (see document #1).(TH, ) (Entered: 08/18/2006) |
| 08/29/2006 | 7 | CERTIFICATE OF SERVICE by JAMES F. JOHNSON, Re: Petition for Writ of Habeas Corpus (js) (Entered: 08/29/2006) |
| 09/29/2006 | 8 | RESPONSE to Petition for Writ of Habeas Corpus by CHARLES SAMUELS, DIRECTOR FEDERAL BUREAU OF PRISONS. (Attachments: # 1 Declaration of Ahmed# 2 Declaration of Faller# 3 Certificate of Service)(DONNELLY, DOROTHY) (Entered: 09/29/2006) |
| 10/26/2006 | 9 | OBJECTIONS to Answer to Writ by JAMES F. JOHNSON. (sb) (Entered: 10/26/2006) |
| 11/03/2006 | 10 | AMENDED OBJECTIONS to Answer to Writ by JAMES F. JOHNSON. (sb) (Entered: 11/03/2006) |
| 12/19/2006 | 11 | MOTION to Amend 1 Petition for Writ of Habeas Corpus by JAMES F. JOHNSON. (sb) (Entered: 12/19/2006) |
| 12/19/2006 | | Setting return date as to 11 MOTION to Amend 1 Petition for Writ of Habeas Corpus for 1/19/2007 before Judge Noel L. Hillman. PLEASE BE ADVISED THAT THIS MOTION WILL BE DECIDED ON THE PAPERS UNLESS OTHERWISE NOTIFIED BY THE COURT. (sb) (Entered: 12/19/2006) |
| 12/28/2006 | 12 | BRIEF in Opposition re 11 MOTION to Amend/Correct 1 Petition for Writ of Habeas Corpus filed by CHARLES SAMUELS, DIRECTOR FEDERAL BUREAU OF PRISONS. (Attachments: # 1 Certificate of Service)(DONNELLY, DOROTHY) (Entered: 12/28/2006) |

| 01/09/2007 | 13 | Plaintiff's response to personal letter in opposition to his amended request by James Johnson. (sb) (Entered: 01/09/2007) |
| 05/30/2007 | 14 | OPINION re Petition for Writ of Habeas Corpus filed by JAMES F. JOHNSON. Signed by Judge Noel L. Hillman on 5/30/07. (db, ) (Entered: 05/30/2007) |
| 05/30/2007 | 15 | ORDER that the Petition for a Writ of Habeas Corpus is DENIED; ORDER that petitioners 11 Motion to Amend is DENIED. Signed by Judge Noel L. Hillman on 05/30/07. (db, ) (Entered: 05/30/2007) |
| 05/30/2007 |  | ***Civil Case Terminated. (db, ) (Entered: 05/30/2007) |
| 06/07/2007 | 16 | NOTICE OF APPEAL as to 15 Order, No FF or IFP, by JAMES F. JOHNSON. The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified list in lieu of the record and/or the certified copy of the docket entries. (IFP sent) (th, ) (Entered: 06/08/2007) |
| 06/13/2007 | 17 | USCA Case Number 07-2733 for 16 Notice of Appeal (USCA), Notice of Appeal (USCA) filed by JAMES F. JOHNSON. USCA Case Manager Chiquita Dyer (Document Restricted - Court Only) (Dyer, Chiquita) (Entered: 06/13/2007) |
| 06/18/2007 | 18 | APPLICATION to proceed IN FORMA PAUPERIS by JAMES F. JOHNSON. (db, ) (Entered: 06/20/2007) |
| 06/18/2007 | 19 | TRANSCRIPT REQUEST by JAMES F. JOHNSON (db, ) (Entered: 06/20/2007) |
| 06/22/2007 | 20 | ORDER granting 18 Application to Proceed IFP on appeal filed by JAMES F. JOHNSON. Signed by Judge Noel L. Hillman on 6/22/07. (th, ) (Entered: 06/22/2007) |
| 07/02/2007 | 21 | MOTION to Appoint Pro Bono Counsel by JAMES F. JOHNSON. (lc) (Entered: 07/17/2007) |
| 08/13/2007 | 22 | ORDER DISMISSED21 Motion to Appoint Pro Bono. Signed by Judge Noel L. Hillman on 8/13/07. (gn ) (Entered: 08/14/2007) |
| 10/12/2007 | 23 | NOTICE of Change of Address by JAMES F. JOHNSON (gn) (Entered: 10/15/2007) |

| PACER Service Center | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 10/16/2007 17:31:41 | | |
| **PACER Login:** | du6933 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:06-cv-02233-NLH Start date: 1/1/1970 End date: 10/16/2007 |

| Billable Pages: | 2 | Cost: | 0.16 | |

CLOSED, PROSE-PR

# U.S. District Court
## District of New Jersey [LIVE] (Camden)
## CIVIL DOCKET FOR CASE #: 1:07-cv-00633-NLH-JS

JOHNSON v. PACHOLSKI et al
Assigned to: Judge Noel L. Hillman
Referred to: Magistrate Judge Joel Schneider
Case in other court: USCA, 07-03026
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 02/07/2007
Jury Demand: Plaintiff
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: Federal Question

**Plaintiff**

**JAMES F. JOHNSON**
　　　　　　　　　　　　　represented by　**JAMES F. JOHNSON**
#07561-016
F.C.I. FORT DIX
P.O. BOX 7000
FORT DIX, NJ 08640
PRO SE

V.

**Defendant**

**JOSEPH PACHOLSKI**
*Examiner United States Parole Commission*
*TERMINATED: 06/14/2007*

**Defendant**

**J. KELLER**
*Education Department, Federal Bureau of Prisons*
*TERMINATED: 06/14/2007*

**Defendant**

**SCOTT WEISS**
*Director, Kintock Group*
*TERMINATED: 06/14/2007*

**Defendant**

**J. ORDONEZ**
*Case Manager, Federal Bureau of Prisons*
*TERMINATED: 06/14/2007*

**Defendant**

**HERBIK**

*Unit Manager, Federal Bureau of Prisons*

**Defendant**

**MULVEY**
*Disciplinary Hearing Officer, Federal Bureau of Prisons*
*TERMINATED: 06/14/2007*

**Defendant**

**R. HOOD**
*Counselor Unit 5812, Federal Bureau of Prisons*

**Defendant**

**BOYCE**
*Disciplinary Hearing Officer, Federal Bureau of Prisons*
*TERMINATED: 06/14/2007*

**Defendant**

**WEGIT**
*Unit Counselor 5812 Unit, Federal Bureau of Prisons*

**Defendant**

**E. DAVIS**
*Teacher*

**Defendant**

**S. SMITH**
*Teacher*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/07/2007 | 1 | Complaint Received (NO FF). (Attachments: # 1 Application IFP)(TH, ) (Entered: 02/13/2007) |
| 04/20/2007 | 2 | Documents received from James Johnson. (sb) (Entered: 04/20/2007) |
| 05/09/2007 | 3 | PLAINTIFF'S ADDITION TO ORIGINAL COMPLAINT FOR REASONS OF RETALIATORY ACTIONS FOR FILING COURT SUIT AGAINST FELLOW COLLEGUES OF PRISON OFFICIALS filed by JAMES F. JOHNSON. (db, ) (Entered: 05/11/2007) |
| 06/14/2007 | 4 | OPINION. Signed by Judge Noel L. Hillman on 6/14/2007. (TH, ) (Entered: 06/18/2007) |
| 06/14/2007 | 5 | ORDER that Plaintiff's application to proceed IFP is granted, and the Clerk is directed to file the Complaint. Plaintiff is assessed a filing fee of |

| | | $350.00. ORDERED that certain claims against defendants are DISMISSED WITH PREJUDICE, certain claims are DISMISSED WITHOUT PREJUDICE, certain claims SHALL PROCEED, and certain claims are SEVERED and treated as a 2241 Petition. The Clerk shall assign the 2241 Petition a separate docket number. Plaintiff's claims against new defendants in his amended complaint SHALL PROCEED. The Clerk shall issue summons and the U.S. Marshal shall serve the remaining defendants, Hood, Herbik, Wegit, Davis, and Smith. The Clerk shall mail Plaintiff a pro bono application (pro bono application mailed). Signed by Judge Noel L. Hillman on 6/14/2007. (TH, ) (Entered: 06/18/2007) |
|---|---|---|
| 06/14/2007 | | COMPLAINT against R. HOOD, WEGIT, E. DAVIS, S. SMITH, HERBIK JURY DEMAND {see document #1}, filed by JAMES F. JOHNSON.(TH, ) (Entered: 06/18/2007) |
| 06/18/2007 | 6 | Summons Issued to USM as to R. HOOD, WEGIT, E. DAVIS, S. SMITH, HERBIK, U.S. Attorney, U.S. Attorney General (Due - 60 days) (TH, ) (Entered: 06/18/2007) |
| 06/22/2007 | 7 | MOTION to Appoint Pro Bono Counsel by JAMES F. JOHNSON. (th, ) (Entered: 06/26/2007) |
| 06/25/2007 | 8 | Letter from Plaintiff. (db, ) (Entered: 07/02/2007) |
| 06/26/2007 | | Set Returnable Date as to 7 MOTION to Appoint Pro Bono Counsel for 7/20/2007 before Magistrate Judge Joel Schneider. Please be advised, the motion will be decided on the papers unless otherwise notified by the Court. (th, ) (Entered: 06/26/2007) |
| 07/02/2007 | 9 | MOTION for Reconsideration re 4 Opinion by JAMES F. JOHNSON. (Attachment to motion in clerks file - cannot be scanned due to poor paper quality) (db, ) (Entered: 07/03/2007) |
| 07/02/2007 | 10 | NOTICE OF APPEAL as to 5 Order,,, by JAMES F. JOHNSON. (FILING FEE OF $455.00,NOT PAID/NO IFP APPLICATION SUBMITTED) The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified list in lieu of the record and/or the certified copy of the docket entries. (lc) (Entered: 07/06/2007) |
| 07/02/2007 | 11 | MOTION to Amend Complaint by JAMES F. JOHNSON. (db, ) (Entered: 07/06/2007) |
| 07/02/2007 | 12 | MOTION to Appoint Pro Bono by JAMES F. JOHNSON. (db, ) (Entered: 07/06/2007) |
| 07/03/2007 | | Setting Deadlines as to 9 MOTION for Reconsideration re 4 Opinion. Motion Returnable for 8/3/2007 before Judge Noel L. Hillman. PLEASE BE ADVISED THIS MOTION WILL BE DECIDED ON THE PAPERS UNLESS OTHERWISE NOTIFIED BY THE COURT. (db, ) (Entered: 07/03/2007) |
| 07/13/2007 | 13 | USCA Case Number 07-3026 for 10 Notice of Appeal (USCA), Notice |

| | | |
|---|---|---|
| | | of Appeal (USCA) filed by JAMES F. JOHNSON. USCA Case Manager Chiquita Dyer (Document Restricted - Court Only) (Dyer, Chiquita) (Entered: 07/13/2007) |
| 07/13/2007 | 14 | IFP APPLICATION and AFFIDAVIT of JAMES F. JOHNSON in support. (lc) (Entered: 07/17/2007) |
| 07/16/2007 | 15 | MOTION to Appoint Pro Bono Counsel by JAMES F. JOHNSON. (lc) (Entered: 07/17/2007) |
| 07/16/2007 | 16 | TRANSCRIPT REQUEST by JAMES F. JOHNSON re 10 Notice of Appeal (USCA) - Already on file in the D.C. Clerk's Office. (lc) (Entered: 07/17/2007) |
| 07/26/2007 | 17 | SUMMONS Returned Executed by the U.S. Marshals Service on behalf of JAMES F. JOHNSON. U.S. Attorney General served on 07/17/07. (ln, ) (Entered: 07/26/2007) |
| 07/26/2007 | 18 | WAIVER OF SERVICE Returned Executed by the U.S. Marshals on behalf of JAMES F. JOHNSON. R. HOOD waiver sent on 7/10/2007, answer due 9/10/2007; WEGIT waiver sent on 7/10/2007, answer due 9/10/2007; E. DAVIS waiver sent on 7/10/2007, answer due 9/10/2007; S. SMITH waiver sent on 7/10/2007, answer due 9/10/2007; HERBIK waiver sent on 7/10/2007, answer due 9/10/2007. (db, ) (Entered: 07/26/2007) |
| 07/27/2007 | 19 | ORDER of USCA granting appellant's motion to proceed in forma pauperis. The prison is directed to make initial assessment and forward all payments to the District Court. The appeal will be submitted to a panel of this court for determination under 28 U.S.C. Section 1915(e)(2) or for summary action under Third Circuit L.A.R. 27.4 and I.O.P. 10.6. (Dyer, Chiquita) (Entered: 07/27/2007) |
| 07/31/2007 | 20 | ORDER DENIED without prejudice 11 Motion to Amend/Correct. Signed by Judge Joel Schneider on 7/31/07. (gn) (Entered: 07/31/2007) |
| 07/31/2007 | 21 | ORDER DENIED 7 Motion to Appoint Pro Bono; DENIED12 Motion to Appoint Pro Bono; DENIED 15 Motion to Appoint Pro Bono. Signed by Judge Joel Schneider on 7/31/07. (gn ) (Entered: 07/31/2007) |
| 08/20/2007 | 22 | Partial Prisoner Payment as to James Johnson: $ 15.00, receipt number 306639 Amount Paid to date $ 15.00 (gn, ) (Entered: 08/21/2007) |
| 08/24/2007 | 23 | Letter from James Johnson re: Rule 12 (a) (gn) (Entered: 08/24/2007) |
| 08/30/2007 | 24 | MOTION to Amend/Correct 1 Complaint filed by JAMES F. JOHNSON. (gn) (Entered: 08/30/2007) |
| 08/30/2007 | | Setting Deadlines as to 24 MOTION to Amend/Correct Complaint. Motion returnable for 10/5/2007 before Magistrate Judge Joel Schneider. (Please be advised the motion will be decided on the papers unless otherwise notified by the court) (gn) (Entered: 08/30/2007) |
| 10/11/2007 | 25 | ORDER of USCA as to 10 dismissing appeal for lack of jurisdiction |

| | | (McIntyre, Gregory) (Entered: 10/11/2007) |

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/11/2007 20:42:32 | | | |
| **PACER Login:** | du6818 | **Client Code:** | doj |
| **Description:** | Docket Report | **Search Criteria:** | 1:07-cv-00633-NLH-JS Start date: 1/1/1970 End date: 10/11/2007 |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

ADMCLOSED, HABEAS

## U.S. District Court
## District of New Jersey [LIVE] (Camden)
## CIVIL DOCKET FOR CASE #: 1:07-cv-01549-NLH-JS

JOHNSON v. UNITED STATES OF AMERICA et al
Assigned to: Judge Noel L. Hillman
Referred to: Magistrate Judge Joel Schneider
Cause: 28:1651 Petition for Writ of Mandamus

Date Filed: 04/02/2007
Date Terminated: 06/21/2007
Jury Demand: None
Nature of Suit: 540 Mandamus & Other
Jurisdiction: U.S. Government
Defendant

**Petitioner**

**JAMES F. JOHNSON**

represented by **JAMES F. JOHNSON**
#07561-016
F.C.I. FORT DIX
P.O. BOX 7000
FORT DIX, NJ 08640
PRO SE

V.

**Respondent**

**UNITED STATES OF AMERICA**

**Respondent**

**WARDEN**

**Respondent**

**U.S. PAROLE COMMISSION**

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 04/02/2007 | 1 | PETITION for Writ of Mandamus (NO FF, NO IFP), filed by JAMES F. JOHNSON.(TH, ) (Entered: 04/04/2007) |
| 06/20/2007 | 2 | ORDERED that the Petition for a Writ of Mandamus is administratively terminated and the Clerk shall close this case without assessing a filing fee. Signed by Judge Noel L. Hillman on 6/20/07. (sb) (Entered: 06/21/2007) |
| 06/21/2007 | | ***Civil Case Terminated. (sb, ) (Entered: 06/21/2007) |

## PACER Service Center

| Transaction Receipt | | | |
|---|---|---|---|
| 10/11/2007 20:43:17 | | | |
| PACER Login: | du6818 | Client Code: | doj |
| Description: | Docket Report | Search Criteria: | 1:07-cv-01549-NLH-JS Start date: 1/1/1970 End date: 10/11/2007 |
| Billable Pages: | 1 | Cost: | 0.08 |

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JAMES F. JOHNSON,                      :
                                       :
              Petitioner,              :        Civil No. 07-1549 (NLH)
                                       :
        v.                             :
                                       :
UNITED STATES OF AMERICA, et           :             O R D E R
al.,                                   :
              Respondents.             :
                                       :

IT APPEARS THAT:

1.   On April 2, 2007, Petitioner filed the instant Petition for a Writ of Mandamus.  Petitioner argues that his pending litigation filed in this Court, including Johnson v. Samuels, et al., 06-2233 (NLH); Johnson v. Chairperson, United States Parole Comm'n, et al., 06-2390 (NLH); and Johnson v. Pacholski, et al., 07-0633 (NLH), have not been proceeding.  Petitioner asks the Court to order Respondents to properly respond to the complaints.  Petitioner did not submit the filing fee or an application to proceed in forma pauperis in this action.

2.   A review of the dockets reveals that the three previously filed cases noted by Petitioner are proceeding accordingly, either in this Court, or on appeal to the Court of Appeals for the Third Circuit.  See Johnson v. Samuels, et al., 06-2233 (NLH) (on appeal to the Court of Appeals); Johnson v. Chairperson, United States Parole Comm'n, et al., 06-2390 (NLH) (awaiting

answer by Respondents); and Johnson v. Pacholski, et al., 07-0633

(NLH)(complaint filed and summonses issued).  Therefore,

Petitioner's request for mandamus relief is improper and

unwarranted, and this case will be closed.

    BASED ON THE FOREGOING,

    IT IS on this 20th  day of   June  , 2007;

    **ORDERED** that this Petition for a Writ of Mandamus is hereby

administratively terminated; the Clerk of the Court shall close

this case without assessing a filing fee.


                                        s/Noel L. Hillman
                                        NOEL L. HILLMAN
                                        United States District Judge

At Camden, New Jersey

CLOSED, HABEAS

# U.S. District Court
## District of New Jersey [LIVE] (Camden)
### CIVIL DOCKET FOR CASE #: 1:07-cv-03057-NLH

JOHNSON v. UNITED STATES OF AMERICA et al
Assigned to: Judge Noel L. Hillman
Cause: 28:2241 Petition for Writ of Habeas Corpus (federa

Date Filed: 07/02/2007
Date Terminated: 08/07/2007
Jury Demand: None
Nature of Suit: 540 Mandamus & Other
Jurisdiction: U.S. Government
Defendant

**Petitioner**

**JAMES F. JOHNSON**                    represented by    **JAMES F. JOHNSON**
#07561-016
F.C.I. FORT DIX
P.O. BOX 7000
FORT DIX, NJ 08640
PRO SE

V.

**Respondent**

**UNITED STATES OF AMERICA**           represented by    **DOROTHY J. DONNELLY**
*ET AL.*                                                  UNITED STATES ATTORNEY'S
OFFICE
402 EAST STATE STREET
ROOM 430
TRENTON, NJ 08608
(609) 989-0564
Email: dorothy.donnelly@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**NORMAN JOEL GROSS**
OFFICE OF THE US ATTORNEY
401 MARKET STREET
FOURTH FLOOR
CAMDEN, NJ 08101
(856) 757-5026
Email: norman.gross@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Respondent**

**FEDERAL BUREAU OF PRISONS**          represented by    **DOROTHY J. DONNELLY**
*ET AL: WARDEN*                                           (See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/02/2007 | 1 | PETITION for Writ of Habeas Corpus (NO FF, NO IFP), filed by JAMES F. JOHNSON.(TH, ) (Entered: 07/05/2007) |
| 07/12/2007 | 2 | ORDER TO SHOW CAUSE. Ordered that plaintiff is granted in forma pauperis status. Order directing the Clerk to serve the Petition and this Order upon the Warden of FCI Fort Dix and upon the U.S. Attorney's Office; Ordered that respondents shall show cause in writing filed by July 23, 2007, why a Writ should not be granted. Signed by Judge Noel L. Hillman on 7/12/07. (sb) Additional attachment(s) added on 7/13/2007 (sb, ). (Entered: 07/13/2007) |
| 07/18/2007 | 3 | NOTICE of Appearance by DOROTHY J. DONNELLY on behalf of UNITED STATES OF AMERICA, FEDERAL BUREAU OF PRISONS (DONNELLY, DOROTHY) (Entered: 07/18/2007) |
| 07/19/2007 | 4 | *first* RESPONSE to Petition for Writ of Habeas Corpus by UNITED STATES OF AMERICA, FEDERAL BUREAU OF PRISONS. (Attachments: # 1 Certificate of Service)(DONNELLY, DOROTHY) (Entered: 07/19/2007) |
| 07/25/2007 | 5 | MOTION for Default and Judgment by JAMES F. JOHNSON. (sb) (Entered: 07/25/2007) |
| 07/25/2007 | | Setting Deadlines as to 5 MOTION for Default and Judgment. Motion returnable date set for 9/7/2007 before Judge Noel L. Hillman. PLEASE BE ADVISED THAT THIS MOTION WILL BE DECIDED ON THE PAPERS UNLESS OTHERWISE NOTIFIED BY THE COURT. (sb) (Entered: 07/25/2007) |
| 07/26/2007 | 6 | DECLARATION of Dorothy Donnelly with exhibit re 4 Response to Habeas Petition, 2 Order, by UNITED STATES OF AMERICA, FEDERAL BUREAU OF PRISONS. (Attachments: # 1 Certificate of Service)(DONNELLY, DOROTHY) (Entered: 07/26/2007) |
| 07/26/2007 | 7 | RESPONSE in Opposition re 5 MOTION for Default Judgment as to filed by UNITED STATES OF AMERICA, FEDERAL BUREAU OF PRISONS. (DONNELLY, DOROTHY) (Entered: 07/26/2007) |
| 07/30/2007 | 8 | OBJECTIONS to Answer to Writ by JAMES F. JOHNSON. (js) (Entered: 07/30/2007) |
| 08/06/2007 | 9 | OPINION. Signed by Judge Noel L. Hillman on 8/6/07. (sb) (Entered: 08/07/2007) |
| 08/06/2007 | 10 | ORDER denying 5 Motion for Default Judgment and ORDERED that the Petition for a Writ of Habeas Corpus is dismissed with prejudice. Signed by Judge Noel L. Hillman on 8/6/07. (sb) (Entered: 08/07/2007) |

| 08/07/2007 | ***Civil Case Terminated. (sb) (Entered: 08/07/2007) |
| --- | --- |

| PACER Service Center | | | |
| --- | --- | --- | --- |
| Transaction Receipt | | | |
| 10/11/2007 20:47:42 | | | |
| PACER Login: | du6818 | Client Code: | doj |
| Description: | Docket Report | Search Criteria: | 1:07-cv-03057-NLH Start date: 1/1/1970 End date: 10/11/2007 |
| Billable Pages: | 1 | Cost: | 0.08 |