UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
WASHINGTON , D.C. 20001


JAMES F. JOHNSON , Petitioner
3421 15th Street , SE #102
Washington , D.C. 20020


Vs.                                    Civil Action No.07-1168(RBW)


UNITED STATES ,et al.,


PETITIONER'S RESPONSE TO MOTION
TO DISMISS


Petitioner James F. Johnson respectfully opposes the Governments' motion
to dismiss for reasons briefly stated as follows;

The Government fails to recognize and acknowledge that they are sworn
Employees of the United States of America to " uphold the Constitution of
These United States and that " no one is above the law."

Petitioner James F. Johnson , though housed in the Federal Bureau of Prisons
When this petition was initially filed, was at all times , lawfully and legally, a
District of Columbia prisoner , and that his ties and connection with the BOP
And or its employees are by virtue of legislation to transfer all adult felons to
The Federal Bureau of Prisons for service of sentences , and further, that his
Crime was committed in the District of Columbia where he resided as an lawful
Citizen prior to his arrest and conviction and , further, that he is currently under
Parole supervision of the Court Services Of Supervision of Adults (CSOSA).


Respondant failed to recognize to this Court that this Petitioner has presented
Physical and documented evidence of his previously authorized Inmates
Computerized Computtion Sheet showing any and all time to be spent in jail

RECEIVED
NOV 28 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

and incarceration as a result of any offenses currently being served as a result of any lawful conviction(s). Moreover, these BOP Computation Sheet clearly shows that not one of his Mandatory Release Dates were changed as a direct result of his having completed any Educational/Vocational Programs while and during incarceration during the era to which his original complaint challenged.

Petitioner also directs this honorable Court and the Respondant to read the plain Language as is legislated in the District of Columbia Code Statute 24-429, Which emphatically state that " any and all earned DC Educational Good Time Credits (shall) be applied to the prisoners' ( Early Parole Release Date) AND the prisoners (MAXIMUM PAROLE RELEASE DATE), whereas, the Respondant has conceded that at one point, this credit was awarded, but only at the point of this Prisoners' MANDATORY PAROLE RELEASE DATE AND NOT THEN INCLUDED THE EARLY PAROLE RELEASE DATE, which is contrary to the Plain written language of the DC Code to which this Petitioner has shown that These Respondants has failed to apply to his credits at Early Parole Release.

Petitioner further claims, that these Respondants failed to follow the written Language of this same DC Statute which clearly define that " any awarded DC Educational/Vocational Good Time Credits should be forwarded within (45) Forty-five days of the prisoners' release date(s) to the Parole Board.' The Government failed to mention these factors to this Court and Petitioner urges this Honorable Court to merely look at the written legislative statute of the DC Code 24-429. Which is decidedly different from the plain language which the District of Columbia City Council and the United States Congress approved as legislative law governing this award to DC Prisoners.

Respondant seeks to confuse this Court with Petitioners' filings for Habeas Corpus relief and then, subsequently filing for unlawful actions by Governmental Employees acting in his/her official and individual capacities as civilians in an Independent suit in equity, which is an lawful filing independent of any habeas filings.

Petitioner believes that he can successfully file amendments to his original Complaints where the same group of employees employed with the same BOP and in the same facility as the Plaintiff where he/she believes that these BOP Officials are retaliatory in their actions against him because he/she has filed Complaints against an fellow employee, that this is common retaliation in the BOP and other prison environments, as this Court is well aware and has also received similar complaints from other sources to attest to this ascertion.

Respondants also seeks to have this Court to acknowledge his Pro Se stature

As an non-experienced/licensed practicing Attorney , but in the same breath,
Deny his petition seeking monetary damages simply because he has not whole-
heartidly used all legal citings as they have .

Respondant further, moves this court to believe that he is attacking the Internal
Disciplinary Procedure in his filings for monetary damages in this cause, and he
Has not, moreover, the Inmate Disciplinary Process has no role in this complaint
And suit in equity , for the Disciplinary Process had nothing to do with his not
Receiving his DC Education/Vocation Award Credits. The fact that they failed
To apply all earned DC earned DC Education/Vocation Good time awards credits,
To his 2003 release date(s) at all, and then later, failed to apply DC earned DC
Education/Vocation credit awarded since then on his Early Parole Release
Dates, are purely incidental to this filing because he certainly did earn these
Awards , as the records clearly shows, however, the Respondant, seeking
To " have its' cake and eat it too," chooses not to honor their code of sworn
Oath to protect the United States Constitution , rather than to protect certain
Governmental employees which the Government itself had not initiated any
actions against.

Had the Government itself initiated these same proceedings, this court would
most certainly entertain a motion to prosecute them in any civil action or criminal
case filed by the Government. The Constitution of these United States does not
support the argument issues here, and this court should consider these types of
pleadings by the Government when making its determination to allow this case
to proceed for determination by a jury.

The DC God Time Credits Act awards DC Prisoners for earned Education/Voca-
tional credits, states that " once the award is earned , it can never be voided,
even though this Prisoner was released on parole in 2003, he was duly the
lawful recipient of same and should have had the awards accredited to his prison
sentence , as long as that particular sentence was a lawful sentence , and further ,
as long as it had not terminated , thus, when upon finding that the award earned
in 2003 was not accredited to his sentence computation, upon his return as an
DC Parole Violator, where he was subsequently issued another current DC
Computation Notice, it was then the filed application of the DC earned award
was not awarded , and then this Petitioner immediately petitioned the court
for habeas redress , claiming those non-accredited 78 days.

The Government argue that this Petitioner cannot relitigate his issues in an Suit in equity after first pursuing his issue(s) in an habeas corpus pleadings. Petitioner contend that this is far from the truth, any citizen has the right to seek redress of greivence, per the First Amendment of the United States Constitution. Even after failing in an Habeas Corpus , a citizen is entitled To seek redress in an action at law, suit in equity seeking monetary damages As Petitioner seeks in this action for wrongful denial of earned DC Educational/Vocational Good Time Credits Awards, as one seeks release from custody of the 78 earned days that cannot be forfeited and the other seek monetary damages for the wrongful manner of execution and failure to award a duty owed the plaintiff.

The facts of the language in the DC Code 24-429 and the actions not stated in his computation sheets which unequivocally, shows that he was not awarded these credits as dictated per that legislation. The Government has not indicated that the language of DC Code 24-429 was incorrect and or unlawful, and therefore , in comparison to the issued inmate computation sheets(s), the Respondants failed to apply the awarded days. Nor has the Respondant suggested that I never earned the complained of days, thus, accordingly to the legislative language of the 24-429 structure and Legislation, this petitioner is correct in his complaints and pleadings, inspite of findings by other jurist.

Petitioner feels that he ha built his case on the preponderance of evidence Standard/hurdle and demands a trial by jury to determine facts and the Conclusions of law in these issues , and respectfully moves this honorable Court to allow the legal process of proceeding in that vein, because he Respectfully submit that had the Government submitted this same type Evidence against him to this court, that it would more than likely as not Prevail against him as , both, credible and sufficient to proceed before A jury for proper determination. It is so moved!

*James F. Johnson*
James F. Johnson , Pro Se


### CERTIFICCATE OF SERVICE

I, James F. Johnson, the Petitioner in the instant cause , do so certify that I have Hand delivered the original and one copy to the Clerk of the United States District Court , for the District of Columbia , on this 28th day of November, 2007, For copies to be delivered to any and all appropriate parties in this cause.

Petitioner is continuing his Pro Se and indigent status and respectfully moves That delivery of copies to all concerned parties, via the Clerk's office, are Duly honored.

*James F. Johnson*
James F. Johnson