## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JAMES F. JOHNSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 07-1168 (RBW)** |
| ) | |
| **UNITED STATES, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## <u>DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS</u>

James F. Johnson, *pro se* ("Plaintiff") filed an opposition to the United States' and certain individually-named Defendants' Motion to Dismiss.[1]  In his complaint against the United States and the Director of the Bureau of Prisons ("BOP") in his official and individual capacities, Plaintiff alleges that the denial of 78 days good time credit resulted in the violation of his First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment rights.  By amended complaint filed on August 27, 2007, Plaintiff added six individually-named Defendants and claims that he was denied placement in a halfway house and that one of the individually-named Defendants denied him access to health care.  All Defendants moved for dismissal primarily on the grounds of, *inter alia*, sovereign immunity; res judicata and collateral estoppel; lack of personal jurisdiction and insufficient service on Defendants; improper venue; no respondeat superior liability; and qualified immunity.  In his opposition, Plaintiff appears to have abandoned his claims except that he insists that the denial of 78 days good time credit violates his constitutional rights.  In this reply, Defendants reiterate that dismissal is proper because Plaintiff has not raised any valid opposition to Defendants' motion.

---

[1]    Although he was incarcerated when he filed his complaint, Plaintiff has since been released from custody.

It is beyond dispute that Plaintiff's claim that he was denied 78 days good time credit is not only factually inaccurate, he is also precluded from raising this claim under the doctrines of res judicata and collateral estoppel.  In his action commenced on May 12, 2006, in the United States District Court for the District of New Jersey, where he was housed,[2] Plaintiff raised this very issue of the denial of 78 days of educational good time credit.  *Johnson v. Samuels*, 2007 U.S. Dist. Lexis 38964 *2 (D.N.J. 2007).  There, the court found that, although Plaintiff's 78 days of good time credit should have been applied to time served between 1997 and 2003, the credit was in fact applied to his maximum sentence release date.  *Id*.  In other words, the court denied Plaintiff's habeas relief because "'previously earned institutional credit for good behavior may not be applied to the 'new sentence' imposed following a parole revocation.'"  *Id*. at 5 (quoting *Mason v. United States Parole Comm'n*, 2006 U.S. Dist. Lexis 84649 (D.D.C. 2006); *see also Jackson v. Harrison*, 2006 U.S. Dist. Lexis 82934 (D.D.C. 2006)("Contrary to petitioner's suggestion, good time credits do not carry over into a new sentence.").

In this case, it is troubling that, although Plaintiff acknowledged in the action filed in New Jersey that the educational good time credit was applied to his overall sentence, he still persists in bringing this action.  *See* Sentence Monitoring Good Time Credit Status Report, *Ex*. A.  Moreover, the fact that the court denied his petition for habeas relief on the grounds that previously-earned 78 days good time credit could not be applied to a sentence imposed after a subsequent parole violation should inform Plaintiff that this action and associated claims are without merit.  Notably, as Defendants set forth in their moving brief, this filing is not uncharacteristic of Plaintiff's penchant for filing meritless claims.  Since Plaintiff does not raise

---

[2]    Plaintiff was incarcerated at the Federal Correctional Institution in Fort Dix, New Jersey.

any substantive objections to arguments raised in Defendants' moving brief, it appears that

Plaintiff concedes and further argument is unnecessary.

December 28, 2007                          Respectfully submitted,


                                           _/s/_____
                                           JEFFREY A. TAYLOR, D.C. BAR # 498610
                                           United States Attorney


                                           _/s/_____
                                           RUDOLPH CONTRERAS, D.C. BAR # 434122
                                           Assistant United States Attorney


                                           _/s/_____
                                           KENNETH ADEBONOJO
                                           Assistant United States Attorney
                                           555 Fourth Street, N.W., Room E4210
                                           Washington, D.C. 20530
                                           (202) 514-7157
                                           (202) 514-8780 (facsimile)


Of Counsel:

Delaine Martin Hill
Assistant General Counsel
Office of the General Counsel
Litigation Branch
Federal Bureau of Prisons

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of December, 2007, I caused the foregoing Motion to

Dismiss to be served on *pro se* Plaintiff, postage prepaid, addressed as follows:

James F. Johnson, Pro Se
3421 15th Street, SE #102
Washington, DC 20020

/s/
KENNETH ADEBONOJO
Assistant United States Attorney
555 4th Street, N.W., Room E4210
Washington, D.C. 20530
(202) 514-7157
(202) 514-8780 (facsimile)

```
  BOPOL   541.62 *            SENTENCE MONITORING            *        12-28-2007
PAGE 001                   DISPLAY EXTRA GOOD TIME STATUS               12:19:05
```
Case 1:07-cv-01168-RBW   Document 17-2   Filed 12/28/2007   Page 1 of 3
```
REGNO...: 07561-016          LAST NAME: JOHNSON                  FUNCTION: DIS
ARS 1...: FTD PAROLE
COMP NO.: 030               JWAR NO.:          OBLG NO:          INST...: BOP
DT IN/ACTION DT: 12-28-2007  DATE OUT: MM-DD-YYYY TYPE...:       LSA AMT:
AUTOCALC (Y/N).:             HRDCPYS.: COMP:   GT:    LABELS:    P/S IND:


---------- EXTRA GOOD TIME (EGT) STATUS INFORMATION AS OF 12-28-2007 ----------
MAXIMUM EGT POSSIBLE........:              EGT RATE.........:
EGT EARNED..................:              BREAK OVER DATE..:
EGT AWARDED/ADJ BY LUMP SUM.:              EGT STATUS.......:
EGT POSSIBLE TO AWARD.......:              DC EDUCATION TIME:
----- STATUTORY RELEASE DATES (SRD) AS OF 12-28-2007 (FF/WH/R..: 0       ) -----
SRD ADJ SGT FF/WH/R.........: 06-23-2007 SAT
SRD ADJ SGT FF/WH/R/EGT.....: 04-06-2007 FRI   (CUR EGT.........: 78     )
SRD ADJ SGT FF/WH/R/EGT PROJ: 04-06-2007 FRI   (CUR AND PROJ EGT: 78     )


----------- COMPUTATION (COMP) STATUS INFORMATION AS OF 12-28-2007 -----------
COMP NO. 030 STATUS: SATISFIED         TOTAL COMPS...: 1   TOTAL INCOMPLETE: 0
DATE COMP BEGINS...: 02-18-1997        TOTAL COMPLETE: 0   TOTAL SATISFIED.: 1
S5770      ACTION DATE CANNOT BE GREATER THAN EXPIRATION FULL TERM DATE
G0002      MORE PAGES TO FOLLOW . . .
```

Case 1:07-cv-01168-RBW   Document 17-2   Filed 12/28/2007   Page 2 of 3

```
REGNO...: 07561-016          LAST NAME: JOHNSON              FUNCTION: DIS
ARS 1...: FTD PAROLE
COMP NO.: 030                JWAR NO.:           OBLG NO:       INST...: BOP
DT IN/ACTION DT: 12-28-2007  DATE OUT: MM-DD-YYYY TYPE...:      LSA AMT:
AUTOCALC (Y/N).:             HRDCPYS.: COMP:   GT:    LABELS:   P/S IND:
--------------- EXTRA GOOD TIME (EGT) ENTRIES AS OF 12-28-2007 ---------------
INST    TYPE     DATE IN/ACTION DATE       DATE OUT    LSA AMOUNT   P/S IND
LTN     DCE         08-29-2001                            48
EST     DCE         03-27-2002                            30
```

```
S5770      ACTION DATE CANNOT BE GREATER THAN EXPIRATION FULL TERM DATE
G0002      MORE PAGES TO FOLLOW . . .
```

Case 1:07-cv-01168-RBW   Document 17-2   Filed 12/28/2007   Page 3 of 3

```
REGNO...: 07561-016        LAST NAME: JOHNSON              FUNCTION: DIS
ARS 1...: FTD PAROLE
COMP NO.: 030              JWAR NO.:           OBLG NO:     INST...: BOP
DT IN/ACTION DT: 12-28-2007   DATE OUT: MM-DD-YYYY TYPE...:  LSA AMT:
AUTOCALC (Y/N).:              HRDCPYS.: COMP:  GT:  LABELS:  P/S IND:
```

---------------------- DC EDUCATION TIME ENTRIES ----------------------

| PROGRAM | ENROLLED | COMPLETED | INELIGIBLE | ELIGIBLE | MAXIMUM | INCIDENTS | AWARD |
|---------|----------|-----------|------------|----------|---------|-----------|-------|
| DOC | --- | 08-29-2001 | | | | | 48 |
| ONA | 03-20-2001 | 03-27-2002 | 1 | 12 | 7 | 1 | 30 |

                                                     TOTAL:     78

G0005        TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED